Nov. Term, 1831.

HOWELL
v.
WILSON.

---

## HOWELL *v.* WILSON.

The indorser of a note, under our statute, warrants two things: 1st, that the note is valid and the maker *liable* to pay it; 2dly, that the maker of the note is solvent and *able* to pay it.

If the indorsee sue the maker, and fail on the ground that the note had been obtained without consideration, the indorser is not bound by this judgment against the validity of the note, if notice was not given him of the *pendency* of the suit. But the indorser may show, in bar of an action against him by the indorsee under those circumstances, that the consideration of the note was a good one.

The indorsee of a note, obtained from the maker without consideration, has a right, as soon as he discovers the imposition, to sue the indorser for having assigned him a note which the maker is not liable to pay.

*Monday*,
*November* 7.

ERROR to the *Parke* Circuit Court.

BLACKFORD, J.—*Wilson*, the assignee of a note, brought an action of assumpsit against *Howell*, the assignor. It was proved on the trial, that a note for the payment of money, given by *Coleman Puit* to *Howell*, had been assigned by the latter for a valuable consideration to *Wilson*; and that an action by *Wilson*, the assignee, against *Puit*, the maker, had been defeated by a plea of a failure of consideration. The defendant, *How-*

*ell*, in the present action against him on the assignment, offered to prove that the consideration of the note was valid, and had not failed; but the evidence was rejected. The cause was submitted to the Circuit Court, and a judgment rendered in favour of *Wilson*, the plaintiff below.

One of the errors relied on by *Howell*, the plaintiff in error, is, that the testimony he offered ought to have been admitted.

When a man assigns a note to another, he warrants two things: *first*, that the note is valid and the maker *liable* to pay it; *secondly*, that the maker of the note is solvent and *able* to pay it. Cases of the latter kind are common; but the one before us is the first of the former kind that we have had occasion to examine.

The principle which must govern our decision is a plain one. *Howell* cannot be made liable for having assigned a note, on the ground that he had obtained it without consideration, unless he have an opportunity to establish the validity of the note. If *Wilson*, after having sued *Puit*, the maker, had given notice to *Howell* of the pendency of the suit, the latter might have attended at the trial, and endeavoured to support the note. In that case, *Howell* would have been bound by the judgment in favour of *Puit*. But as no such notice is pretended to have been given to the indorser, he is not to be precluded by the proceeding against the maker, which, as to him, is *res inter alios acta*. *Maupin* v. *Compton*, 3 Bibb, 214.

If, however, the facts are as *Wilson* states, and this note was really obtained by *Howell* from *Puit* without a valid consideration, *Wilson* had a right, as soon as he discovered the imposition, to sue *Howell* for having assigned him a note, which the maker was not liable to pay. *Caton* v. *Lenox*, 5 Rand. 31. The present action, therefore, is not to be barred, as contended for by *Howell*, merely because no notice was given him of the pendency of the suit against *Puit*. The cause stands upon the same ground on which it would have stood, had there been no previous suit against the maker of the note. And *Wilson's* success must depend upon the decision of the question, whether *Puit* was liable or not for the note, at the time of its assignment by *Howell*.

This view of the subject shows, that *Howell* had a right, in the suit against him by *Wilson*, to prove that the consideration

of the note was a good one, and had not failed as *Wilson* con- tended. We are informed by the record, that evidence of this kind was offered by *Howell*, and rejected by the Circuit Court. The judgment against him is consequently erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Hester*, for the plaintiff.
*Kinney*, for the defendant.