<div style="margin-left:60%">May Term, 1846.

MORRIS
v.
LUCAS.</div>

---

## Morris v. Lucas.

A judgment in a suit on a sealed note in favour of the maker, where the only plea was a failure of consideration, is no evidence of such failure in a subsequent suit against the indorser, who had no notice of the first suit.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—*Morris* sued *Lucas* in assumpsit before a justice of the peace, on the assignment of a sealed note for the payment of money. Plea, non assumpsit. Judgment by the justice, and an appeal to the Circuit Court. The note and assignment, with a written statement that the plaintiff had sued the maker of the note before a justice of the peace, and that the maker had obtained judgment, owing to the failure of consideration, were filed before the justice as a cause of action. On the trial in the Circuit Court, the plaintiff proved the note and indorsement. He also introduced the transcript of the justice's judgment in favour of the maker of the note. The defendant then gave in evidence the following and only plea filed by the maker of the note in the suit against him, viz., that the note was given in part payment of a house and lot, &c., for which the payee could not

<div style="margin-left:75%">Monday, May 25.</div>

May Term, 1846.

Doe
v.
Douglass.

make a good title. There was no other evidence. The Circuit Court gave judgment for the defendant.

The ground of this action is, that the defendant assigned the plaintiff a note, which the maker was not liable to pay, the consideration having failed. The evidence did not support the cause of action. The plaintiff was bound to prove that the consideration of the note had failed. The judgment for the maker, supposing it to have been rendered by a competent Court, was no evidence of such failure in the suit against *Lucas*, who does not appear to have had notice of the suit against the maker. The judgment as to *Lucas* was *res inter alios acta*. Had the plaintiff relied on the inability of the maker of the note, a judgment in his favour against the maker would have been admissible, because there the object of the evidence would have been merely to prove the existence of such a judgment. But this is a different case, the plaintiff's object being to prove, not merely the existence of a judgment, but the fact that the consideration of the note had failed, which it was supposed the judgment established. See *Howell* v. *Wilson*, 2 Blackf. 418.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the plaintiff.

*J. Pettit* and *S. A. Huff*, for the defendant.