Nov. Term, 1854.

HENDERSON
v.
FOX.

------

## HENDERSON *v.* FOX.

By the assignment of a promissory note, the assignor warrants that the note is valid, and that the maker is liable to pay it.

The only contract binding on an infant is the implied contract for necessaries.

The express contracts of an infant, as by bond and note, are not, as such, binding, and can not be enforced without ratification, even if given for necessaries.

Whether the articles furnished to an infant were, in the particular case, necessaries, is a question of law, to be determined by the Court. Their quantity, quality and value, are to be ascertained by the jury.

The assignee of a promissory note made by an infant, may proceed in the first instance against the assignor, without suing the maker.

Suit by the assignee against the assignor of a promissory note given by an infant. The declaration, after alleging the making and indorsement of the

Nov. Term,
1854.

HENDERSON
v.
Fox.

note, &c., and the infancy of the maker, averred that the note was not given for necessaries.

*Held,* that, even admitting the liability of the infant if the note was given for necessaries, the averment that it was not so given was surplusage, and imposed no additional proof upon the pleader.

*Held,* also, that if, between the making of the note and its maturity, the infant had arrived at full age and ratified his express contract, the burden of proving that fact was upon the defendant.

*Thursday,*
*December 7.*

ERROR to the *Johnson* Circuit Court.

STUART, J.—Assumpsit by *Fox* against *Henderson* on a promissory note, made by *Webb* to *Henderson,* and by the latter assigned to *Fox.* The declaration alleges the making and indorsement; that *Webb,* the maker, was an infant; and that the note was not given for necessaries. The suit was commenced before a justice, where *Fox* had judgment. *Henderson* appealed to the Circuit Court. Trial, and judgment for *Fox* for 63 dollars and 88 cents.

At the proper time, the defendant below interposed a motion for a new trial, which was overruled, and all the evidence set out in a bill of exceptions. *Henderson* prosecutes his writ of error.

The note, indorsement in the usual form, and proof of the infancy of *Webb,* the maker, was all the evidence adduced.

The only question presented is, was the infancy of the maker of the note sufficient to entitle *Webb* to his action in the first instance against *Henderson,* the indorser, without having recourse to the maker?

By the assignment *Henderson* warranted that the note was valid, and the maker liable to pay it. *Howell* v. *Wilson,* 2 Blackf. 418.

The authorities are painfully conflicting on the question whether an infant's express contracts be void or only voidable. Story on Prom. Notes, ss. 75 to 78 inclusive, and the authorities cited.—Chitty on Contracts 153, note 1.—*Id.* title "Infant."—1 Am. Leading Cases 86, and note, in which the authorities are elaborately collected and reviewed. The rule deducible from all the authorities is, that the only contract binding on an infant is the implied contract for necessaries. Express contracts, as by bond or note are

not as such binding, and can not be enforced without rati-
fication, even if given for necessaries.  For whether the ar-
ticles furnished were, in the particular case, necessaries, is
a question of law, to be determined by the Court.  And if
deemed necessaries, then their quantity, quality, and rea-
sonable price, is for the consideration of the jury.  But if,
on the contrary, the express contracts of infants, even when
necessaries, so called, were the consideration, could be en-
forced, these important questions might be improvidently
settled by the infant himself, beyond the supervision of the
Courts.

Hence, text-writers, in enumerating persons incompetent
to contract, meaning incompetent to become parties to an
*express* contract, specify infants, married women, alien ene-
mies, and insane persons.  Story, *supra*, s. 75.—Chitty on
Contracts 141.—1 Comyn on Contracts 148.  The excep-
tions under these several heads, for instance, the implied
promise of an infant to pay for necessaries, have no appli-
cation to the present case.

The infancy of *Webb*, the maker, was, therefore, a suffi-
cient excuse why the assignee might proceed in the first
instance against the assignor, without suing the maker.
Even if it were admitted that the infant was liable on the
note, provided it were given for necessaries, the character
of the consideration would be matter of defence.  Nor
would the negative allegation of the declaration, that it
was not given for necessaries, change the rule.  For that
allegation is not, in the present case, descriptive, or of
such a nature which though unnecessarily or improvi-
dently made by the pleader, he would be bound to prove.
The making and indorsement of the note, and the infancy
of the maker, were all that was essential to the plaintiff's
right of recovery.  The residue was surplusage.  1 Chitty
Pl. 330.  The question of necessaries, if available at all,
was matter of defence.  So, also, if between the making
and the maturity of the note, *Webb* had arrived at full age
and ratified his express contract.  Such matters coming
properly from the other side, impose upon the defendant
the burden of proof; both because they are not essential

Nov. Term, 1854.

to the plaintiff's recovery, and that the means of proof are presumed to be more in the power of the party holding the affirmative, and in whose favor they tend to operate.

We do not deem it necessary to discriminate very nicely what acts of an infant are void, and what only voidable. Nor is it worth while to inquire how far the negotiable character of promissory notes, under our statute, might affect the question. It seems to us sufficient that *Webb* was an infant. As such, he was clearly not liable within the rule laid down in 2 Blackf., *supra*.

*Per Curiam.*—The judgment is affirmed with costs.

*G. M. Overstreet* and *A. B. Hunter*, for the plaintiff.

*F. M. Finch* and *J. Slater*, for the defendant.