## RHODE v. GREEN.

COVENANT OF WARRANTY.—EJECTMENT.—In a suit by A against B, upon the covenants in a conveyance of land, the breach alleged was that one C had, in an action of ejectment against A, recovered the land on a paramount title, whereby A was evicted, &c.

*Held*, that the complaint was not bad on demurrer, for not alleging that B had notice of the ejectment suit.

SAME.—But, the general denial having afterwards been pleaded, the record of the recovery in ejectment, without proof that B had notice of the pen-

dency of the suit, though proper evidence of the eviction of A, was not evidence of the title of C.

REFORMATION OF CONTRACT.—PRACTICE.—Since the adoption of the code of 1852, in a suit for a breach of a written contract, a mistake in the instrument may be corrected.

PLEADING.—Where the general denial has been pleaded, it is not error to sustain a demurrer to another paragraph of the answer, which alleges matter in denial of that which it would be incumbent upon the plaintiff to prove, to maintain his action.

APPEAL from the *Warren* Circuit Court.

ELLIOTT, J.—This was an action by *Green* against *Rhode*, the appellant, on the covenants in a deed executed by *Rhode* to *Green*, for certain lands situated in *Edgar* county, in the State of *Illinois*. The deed contained covenants of seizin, against incumbrances and general warranty. The consideration expressed in the deed was $1,687 50. The breach alleged was, that one *James Mitchell*, a citizen of the State of *Indiana*, instituted an action of trespass and ejectment against *Green*, in the Circuit Court of the *United States*, for the district of *Illinois*, and therein recovered said lands from him, on a title paramount, in fee simple, whereby he was ejected from said lands; that therefore the covenants in the deed were broken and had wholly failed, and the said lands were wholly lost to the plaintiff. The damages were laid at $3,300. The complaint further alleged that a mistake was inadvertently committed in drawing the deed from *Rhode* to the plaintiff, by describing one of the tracts of land thereby conveyed, as the north-west quarter of the north-east quarter of section one, in township sixteen north, of range twelve, when it should have been the north-west quarter of the south-east quarter of the same section, township and range. Copies of the deed and of the record of the proceedings and judgment in the ejectment suit were filed with, and made part of, the complaint.

A demurrer was filed to the complaint and overruled, to which *Rhode* excepted, and then filed an answer of six paragraphs.

The first was a general denial. On the second, fourth and fifth, issues were formed, and no question arises upon them here, and hence they will not be further noticed.

The third alleged that the defendant, at the time of the sale and conveyance of the land to *Green*, held the same by a title in fee, and also held a mortgage on the same lands, executed to him by one *Haworth*, dated *February* 17, 1857, to secure the payment of $8,275; that said mortgage was a valid lien on the lands, and was prior and superior to the lien of the judgment of *Mitchell* against *Haworth;* that at the time the defendant executed the deed sued on to the plaintiff, he also passed over, assigned and transferred said mortgage to the plaintiff, which would have protected his title, but which the plaintiff had released, as the defendant was informed and believed.

The sixth denied that there was any title to said land paramount to the title conveyed by the defendant to the plaintiff. It averred that the defendant originally held said lands by deed in fee simple from *Isaac P. Lewis*, dated *July* 12, 1851, which was duly executed and recorded, and a copy of which is set out in the answer; that on the 13th of *February*, 1857, the defendant sold and conveyed these lands, with others, to *Thomas Haworth*, by deed in fee simple, and to secure $8,275, the purchase money therefor, *Haworth*, on the 17th of the same month, executed to the defendant a mortgage on the lands so conveyed, which was duly acknowledged, and recorded in the proper county. A copy of the mortgage is also set out. That afterwards, on the 3d day of *August*, 1860, said *Haworth*, being in failing circumstances, and not being able to pay the purchase money for said lands, re-conveyed the same to the defendant, in discharge of the purchase money due and unpaid, which conveyance, also made a part of the answer, was duly acknowledged and recorded; that the defendant had no knowledge of the existence of any judgment against said *Haworth;* that the defendant afterwards, on the 6th of *August*, 1860, sold the land, and executed the deed sued on, to the plaintiff.

The answer admits that *Mitchell* held a judgment against *Haworth*, dated *January* 5, 1860, but denies that it was a lien on said lands,

The court sustained a demurrer to the third and sixth paragraphs of the answer, to which the defendant excepted.

The court, to which the cause was submitted for trial, found for the plaintiff, and assessed his damages at the sum of $1,203 75. Motion for a new trial overruled, and judgment on the finding. The defendant appeals.

The overruling of the demurrer to the complaint is the first error complained of. The objections urged to the complaint are: 1. That *Rhode,* having no notice of the ejectment suit of *Mitchell* against *Green,* is not bound thereby, and, 2. That the mistake in the deed, in the description of one of the tracts of land, could only be corrected by suit brought in the county where the land lies. Neither of the objections was well taken. It was not necessary that *Rhode* should have had notice of the ejectment suit, to enable *Green* to maintain an action on the covenants of the deed, after eviction. The breach assigned is that *Green* was evicted by a paramount title in *Mitchell.* Under the general denial, the burden of proving the alleged breach of the covenants rested on the plaintiff; and whether the record of the recovery by *Mitchell* in the ejectment suit, without notice to *Rhode* of the pendency of that suit, would be evidence in this suit of a paramount title in *Mitchell,* is a very different question.

Since the adoption of our code, abolishing all distinction between actions at law and suits in equity, there can be no question of the right of a party in a suit for a breach of a written contract, to have a mistake in the instrument corrected in the same suit. But, if this were otherwise, the objection in this case could not be reached by a demurrer to the complaint, as a part of the land was correctly described.

It is also insisted that the court erred in sustaining the plaintiff's demurrer to the third and sixth paragraphs of the defendant's answer. But we do not think so.

The general rule at law is, that where a party who holds a mortgage lien on an estate purchases and receives a deed for the equity of redemption, by the union of the two estates in the same person, the mortgage lien becomes extinguished. But in such cases, when necessary to subserve the purposes of justice, equity will keep the mortgage alive, or regard it as subsisting. Here, the mortgage was on several other tracts of land beside those conveyed to *Green*, and it is averred in the sixth paragraph of the answer that the whole of the lands were re-conveyed to *Rhode* in payment and satisfaction of so much of the debt secured by the mortgage as remained unpaid. There is no averment or indication in that paragraph that *Rhode* had any intention to keep the mortgage alive or subsisting for any purpose. If, as is alleged, *Mitchell* recovered a judgment against *Haworth* while the latter held the legal title to the lands, and had paid a part of the purchase money, and if that judgment operated as a lien on the interest of *Haworth* in the lands, he could not defeat the lien of the judgment, subject as it was to the mortgage, by a re-conveyance of the land to *Rhode;* and it may be questioned whether, under such circumstances, equity would interpose, even upon a complaint filed before the sale under the judgment, and assert the lien of the mortgage thus satisfied. But on this point we decide nothing, as there is another objection to these answers that renders them clearly bad. It is this: it does not appear by the complaint, nor is it averred in either of these paragraphs of the answer, that *Mitchell's* title, upon which he recovered the lands in the ejectment suit, was based upon the judgment which it is alleged he recovered against *Haworth*, or had any connection whatever with that judgment.

The sixth paragraph denies the existence of a paramount title, but as this denial was covered by the general denial already filed, it might have been stricken out on motion, and as a proper result was reached by the demurrer, the defendant cannot complain.

Another point presented by the appellant is that the court erred in overruling his motion for a new trial.

One of the reasons assigned for a new trial was that the finding of the court was not sustained by the evidence. This objection seems to be well taken. The evidence is made part of the record by a bill of exceptions. No evidence of the title of *Mitchell* was given to the court. True, the plaintiff gave in evidence a duly authenticated copy of the record of the proceedings and judgment in the ejectment suit of *Mitchell* against him, but it was not shown that *Rhode* had any notice of the pendency of that suit. It does not, therefore, bind him. It is, as to him, *res inter alios acta,* and, in this suit, is no evidence of a paramount title in' *Mitchell.* It was proper evidence of the eviction of *Green,* but not of *Mitchell's* title. *Bender* v. *Fromberger,* 4 Dallas 436.

In the case of *Somerville's Ex.* v. *Hamilton,* 4 Wheat. 230, which was an action of covenant on a deed, the plaintiff had been evicted from the land and the defendant had notice of the pendency of the suit, and the judges were equally divided on the question whether the recovery was *prima facie* evidence of paramount title in the claimant, or whether that fact must be shown by other proper evidence.

The principle announced in the case at bar is fully sustained by the cases of *Howell* v. *Wilson,* 2 Blackf. 418, and *Morris* v. *Lucas,* 8 Blackf. 9. True, these were suits by the assignees against the assignors of promissory notes, but the principle involved is the same. See, also, *Blasdale* v. *Babcock,* 1 John. 517; *Kip* v. *Brigham,* 6 *id.* 158; 7 *id.* 168; *Swartwout* v. *Payne,* 19 *id.* 294; *Bartlett* v. *Campbell,* 1 Wend. 50; *Trustees, &c.,* v. *Galatian,* 4 Cow. 340.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*Milford* and *Milford,* for appellant.

*B. F. Gregory, J. Harper* and *J. H. Brown,* for appellee.