## WESTINGHOUSE ELECTRIC & MFG. CO. v. BROOKLYN RAPID TRANSIT CO. et al.

(Circuit Court of Appeals, Second Circuit. April 6, 1925.)

No. 276.

1. **Subrogation** ⊝⇒7(1)—**Contractor's sureties held subrogated to subcontractor's contractual rights against contractor's interest in payments normally to be made to contractor by railway.**

Where contractor directed municipal railway to pay to subcontractor certain sums of money out of retained percentages which order was accepted by railway, subcontractor had such interest in the moneys so withheld as to entitle contractor's sureties to subrogation, on payment of subcontractor's judgment for balance due.

2. **Assignments** ⊝⇒55—**Contractor's order directing railway to pay moneys earned by contractor to subcontractor held supported by "consideration."**

Orders by which contractor directed railway to pay to subcontractor certain sums out of retained percentages withheld by railway until final acceptance of work, which orders had been accepted by railway, held supported by consideration, since subcontractor had waived right of filing a lien against contract; "consideration" including either any profit or benefit accruing to one party or some forbearance or detriment given or suffered by the other.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consideration.]

3. **Principal and surety** ⊝⇒187—**Judgment in subcontractor's suit against contractor and sureties on faithful performance bond held res judicata against contractor in sureties' suit to recover percentages retained by railway from contractor.**

Judgment in suit by subcontractor against contractor and its sureties for money due under railway construction contract held res judicata as against contractor in suit by sureties to enforce subrogation to rights of subcontractor to recover percentages retained by railway under contract, where in former suit contractor not only had notice of the nature of the demand, but furnished the evidence used in an endeavor to defeat subcontractor's claims.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Westinghouse Electric & Manufacturing Company against the Brooklyn Rapid Transit Company and others, in which the Connors Bros. Company, Inc., claimed certain moneys in the hands of the

receiver of defendant. From an order affirming the master's finding, denying the claim, claimants appeal. Affirmed.

The facts were found by Hon. E. Henry Lacombe as special master. His report and recommendation were confirmed by the District Court, and from an order accordingly Connors Bros. Company appealed. The New York Municipal Railway made a contract with Connors Bros. Company to construct a portion of its railway line. The agreement was that 90 per cent. of the monthly estimates of work done should be paid to Connors before the 20th of the following month, and the retained 10 per cent. 30 days after final estimate and acceptance.

Connors subcontracted a portion of the work to Bass Construction Company, agreeing with that company to pay it 90 per cent. of the labor performed by Bass when and as Connors received payment as above from the Municipal Railway. The remaining 10 per cent. was to be retained and paid to Bass 40 days after acceptance of work by Municipal Railway. Contemporaneously with the making of this contract between Connors and Bass, the former gave the latter a bond, with sureties, for the faithful performance of its contract. The original or Connors contract was not fully performed before the Municipal Railway passed into the hands of receivers, wherefore the receivers became possessed of the retained fund of 10 per cent., and admittedly hold it (making no claim themselves) for the benefit of whom it may concern.

Some time after the making of contract between Connors and Bass the latter [former] gave to Bass sundry orders, directed to the Municipal Railway, requesting and authorizing the railway "to pay to the Bass Construction Company for our account" certain sums of money out of the moneys earned by Connors under its contract with said Municipal Railway. These orders specifically applied to the retained percentage kept by Municipal Railway until final acceptance of contract as above set forth. Connors did not pay to Bass the amounts claimed to have been earned under its subcontract by the latter concern, whereupon Bass brought an action against Connors and its sureties on the bond above described, seeking to recover the balance then due of its contract moneys, as well as certain other claims.

Connors answered in this action, counterclaiming against Bass; the sureties defending by their own counsel. Connors defaulted when the case was called for trial, the

6 F.(2d)—61

sureties were without defense, and judgment was taken against them, and action discontinued as to Connors. This judgment was subsequently opened, and the case tried as to the sureties. Of all this Connors had notice, and furnished the evidence to be used by the sureties at trial. Bass prevailed, and had judgment against the sureties, who have paid the judgments.

Thereupon the sureties, as subrogated to the rights of Bass, laid claim in the court below to the retained percentages so as aforesaid in the hands of the receivers in the above-entitled suit. To this claim Connors objected, and endeavored substantially at the hearing before the master to withdraw the orders or assignments given as hereinabove stated by Connors to Bass. The master found in favor of the surety companies, the lower court affirmed the finding, and Connors appealed.

Medina & Sherpick, of New York City (Leander I. Shelley and Harold R. Medina, both of New York City, of counsel), for appellant.

John R. Halsey, of New York City, for sureties of appellant.

Deiches & Goldwater, of New York City, for Bronx National Bank, assignee of appellant, filed brief in support of appeal.

Halsey & O'Keeffe and Edmund J. Donegan, all of New York City (John R. Halsey and William J. McArthur, both of New York City, of counsel), for respondents.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The master found as a fact that Municipal Railway Company fully accepted the order or orders given by Connors in favor of Bass, and it also appears from the record that the Connors Company consented to the discontinuance of Bass' action as against itself.

[1] It is, of course, true that the present appellees, upon paying the judgment recovered by Bass against them, became subrogated to whatever contractual rights plaintiff Bass had against their principal, Connors.

[2] We are of opinion that Bass had such rights as against Connors' interest in payments normally to be made to Connors Company by the Municipal Railway Company Connors could not retract or invalidate the order which he had given, and which had been accepted by the Municipal Railway, because there was a plain consideration for it,

in that Bass had waived or forborne the right of filing a lien against this contract. See Kemp v. National Bank, 109 F. 48, 48 C. C. A. 213, for a review of "consideration," which includes either any profit or benefit accruing to one party or some forebearance or detriment given or suffered by the other.

[3] Furthermore, Connors, with its sureties, was sued by Bass, and the only possible defense to that action was in the hands of Connors, and when trial was finally had Connors not only had notice of the nature of the demand, but furnished the evidence used in the endeavor to defeat Bass' claim. By such a judgment so obtained Connors is concluded; it was no longer possible to retry in any forum the merits of the matters in controversy in that suit. Chicago v. Robbins, 2 Black. 418, 17 L. Ed. 298; Oceanic, etc., Co. v. Campania Transatlantica, 144 N. Y. 663, 30 N. E. 360.

Order affirmed, with costs.