### WILLIAM ROBINSON *versus* JOHN R. BLEN.

A demand upon the maker of a note, in order to charge an indorser must be satisfactorily proved to have been made on the day when the note falls due.

The declaration of the holder of a note to the indorser, that he has called on the maker the day the note became due, and that he refused to make payment thereof, is not evidence for him of such fact, although it was not denied by such indorser.

Where the truth or falsehood of a material fact is known to a party to whom the fact is asserted to exist, his omission to deny its existence is presumptive evidence of its truth. When not known, his silence furnishes no evidence against him.

THIS was assumpsit against the defendant as indorser of a note of hand signed by one Isaac F. Spaulding. The facts in the case sufficiently appear in the opinion of the Court.

The cause was argued in writing.

*Gilman*, for the defendant.

*Abbott*, for the plaintiff.

The opinion of the Court was by

WHITMAN C. J. — This action is upon a note of hand, made by one Isaac F. Spaulding to the defendant, and by him indorsed. When it came on to be tried, the plaintiff, to prove a demand upon the maker, introduced John Crowell as a witness, who testified, that he was present, when the plaintiff presented the note to the maker for payment, who admitted that it was due, but declined paying it, saying he had made arrangements with other persons, who were to pay it. The witness could not state, that this was on the 31st of July, 1837, when the note became payable, but said, that he thought it was the latter part of the summer of 1838; that he could not say whether it was one, two, three or four days, or a week after the note fell due; that he signed a paper at the time, which was presented to him by the plaintiff, which appears to be in the following words, viz. " William Robinson will present the note to Isaac F. Spaulding for payment, in the presence of one or two persons, who should be requested to make a mem-

orandum of it, signed with their names. John Crowell witness."

Another witness was introduced, who proved that the plaintiff saw the defendant, on the 31st of July, 1837; and stated to him, that he had called on the maker of the note for payment, without effect. The defendant then moved for a nonsuit, upon the ground that the demand upon the maker was not proved. The Court declined to order it. The defendant thereupon was defaulted, with leave to move to take it off, if upon a report of the facts, by the Judge, who tried the cause, the whole Court should be of opinion, that the jury, upon the evidence, would not be justified in finding a verdict for the defendant.

A demand upon the maker of a note, in order to charge an indorser, must not only be made, but it must be satisfactorily proved to have been made on the day when the note falls due, provided there be no circumstance dispensing with the necessity of such demand; and in this case no such circumstance is relied upon. The witness, relied upon to prove the time of the demand, is unable to state it. The writing which he signed is without date, and affords him no aid, by which he could be enabled to fix the time.

The witness by whom notice to the indorser was proved says, that the plaintiff then alleged, that he had called upon the maker, who had refused payment; and that this was on the 31st of July, 1837. This is not evidence, that the maker had been called upon on that particular day, or on any other day. It was but the declaration of the plaintiff, which cannot be evidence for him. If the declaration had been made to the defendant, in reference to a fact, which the defendant must have known to be true or false, and he had not denied it, the presumption would be against him. But, in the present case, there is no reason to believe, that he could have known whether the fact was or was not so. His not denying it, under such circumstances is no evidence against him.

We return therefore to the only legitimate evidence against the defendant, as to the fact of there having been a seasonable

demand upon the maker; and are constrained to say, that, according to the rules of law, it would not have justified the jury in finding it to be a fact proved in the case, that a demand upon the maker had been seasonably made; and therefore, that they would not have been justified in finding a verdict against the defendant. The default must be taken off, and the action stand for trial.