TAM *v.* SHAW.

In a suit by the assignee of a promissory note against the indorser, a transcript of a suit by the assignee against the maker, before a justice of the peace, was offered in evidence, by which it appeared that the cause was tried on its merits, and judgment rendered for the defendant, because the note was given without consideration. *Held,* that this record was *prima facie* evidence against the validity of the note, even if the indorser had no notice of the proceedings.

But if the complaint in such case allege such notice, and the answer nowhere deny it, it need not be proved.

The person having possession of a promissory note, is presumed to be the equitable owner of it, although it be not indorsed by the payee; and such person may transfer it by indorsement in such a manner as to make himself liable to an action by the assignee.

By such an indorsement, the note is warranted to be valid, and the maker solvent and able to pay it; and diligence to collect of the maker is only necessary in reference to the latter branch of the warranty.

Where a note is invalid, suit may be brought immediately against the indorser, without having sued the maker.

APPEAL from the *Cass* Court of Common Pleas.

*Tuesday, June 22.*

WORDEN J.—This was an action by *Shaw*, the appellee, against *Tam*, the appellant, in the *Cass* Common Pleas, on the assignment of a promissory note. The complaint states that on the 17th of *April*, 1854, one *Nathaniel Sweet* made his promissory note (of which a copy was filed), by which he promised to pay to one *Henry Galloway*, or bearer, 50 dollars, which note came into the possession of the appellant, who indorsed the same to the appellee. It is further alleged that on the 11th of *September*, 1854, and within one month after the note became due, the appellee commenced a suit before a justice of the peace, on said note, against the maker, *Sweet*, which cause was tried on the 29th of the same month; and that he failed to recover a judgment against *Sweet*, he proving that the note was obtained from him without consideration therefor. It is also alleged that the appellee gave the appellant due notice of the time said suit would be tried before said justice; and that the justice rendered judgment against the appellee for costs, and that the note and costs remain unpaid.

May Term,
1858.

TAM
v.
SHAW.

To this complaint the defendant below demurred, but the Court overruled the demurrer.

The defendant below then filed an answer of nine paragraphs, as follows, viz.:

1. That said *Sweet* never made said note.

2. That said *Shaw* never sued him on it as alleged.

3. That the note did not fail for want of consideration.

4. That there is no record of any such suit or judgment.

5. That *Tam* never assigned said note to *Shaw*.

6. That said *Galloway* never assigned said note to *Tam*.

7. That said defendant does not owe the plaintiff.

8. That said note was not given without consideration.

9. That said note was founded on a good consideration.

There was a demurrer filed to the whole of this answer.

The record is silent as to the disposition of this demurrer, not showing that it was determined by the Court; but the plaintiff below afterwards replied to the 2d, 3d, 4th, 7th, 8th and 9th paragraphs of the answer (thereby waiving his demurrer so far as they are concerned), taking issue thereon. The cause, on the issues thus joined, was submitted to the Court for trial—a jury being waived—which resulted in a finding for the plaintiff below, and judgment was rendered accordingly.

Before judgment, the defendant below moved for a new trial, and filed his reasons therefor, alleging that the finding is contrary to law and not supported by the evidence. Motion overruled and exceptions taken, setting out all the evidence offered in the case, which consists of the note described in the complaint, and the indorsement thereon by *Tam* to *Shaw*, and the transcript of a justice of the peace of the proceedings and judgment described in the complaint.

We have not examined as to the sufficiency of the complaint, for the reason that no exception was taken to the overruling of the demurrer thereto. If there was error in overruling said demurrer, it was waived by the neglect to except. *Zehnor* v. *Beard*, 8 Ind. R. 96.

It was perhaps erroneous to proceed to the trial of the

issues of fact until the issues of law, raised by the demurrer to the 1st, 5th and 6th paragraphs of the answer, were disposed of.   *Gray et al.* v. *Cooper*, 5 Ind. R. 506.   But we cannot notice this error, as no exception was taken, and it is not assigned for error.   On appeals to this Court there must be a specific assignment of all errors relied upon, or they will be considered waived.   2 R. S. p. 161, § 568.— *Hollingsworth* v. *The State*, 8 Ind. R. 257.

The errors assigned are—

1. That the Court erred in finding in favor of *Shaw*.

2. In overruling a motion for a new trial.

3. In rendering judgment against *Tam*.

The only question before us is, whether the evidence offered on the trial, makes out the case, and entitles the plaintiff below to judgment.

The note and indorsement offered in evidence, correspond with those set out in the complaint.   The note was dated *April* 17, 1854, and payable four months after date, and assigned by *Tam* to *Shaw* on the 20th of *May* of the same year.

It appears by the transcript offered in evidence, that on the 11th of *September*, 1854, a suit was commenced by *Shaw* in the name of *Henry Galloway*, for the use of *Shaw*, against the maker of the note, *Sweet*, before a justice of the peace of *Carroll* county, and the cause was set for trial on the 18th of the same month.   On the 18th, the cause was dismissed for want of security for costs, the plaintiff not being a resident of that county; but on the 25th of the same month, it was reinstated, and the time for trial fixed for the 29th of the same month, a new summons being issued returnable on that day.   On the 29th, the parties appeared and the cause was tried, and judgment rendered in favor of the defendant therein, upon the ground, as appears from the justice's transcript, that it appeared by the testimony "that the note was obtained without value received."

This was all the evidence offered in the case, and upon it three questions are presented by counsel:

1. Was it necessary, under the issues, to prove notice to

the defendant below of the time of the trial before the justice?

2. Can an action be maintained on the indorsement?

3. Has the plaintiff below shown due diligence to collect of the maker of the note? or if not will *laches* discharge the indorser?

It will be observed that the complaint alleges that the plaintiff below "gave the defendant due notice of the time said suit would be tried before said justice." We have copied in this opinion the entire answer of the defendant, and we think there is nowhere contained in it a substantial denial of this allegation in the complaint. There was no proof of notice, but there was no need of any such proof, unless the matter was controverted by the answer. It is provided by 2 R. S. p. 44, § 74, that "every material allegation in the complaint not specifically controverted by the answer, and every material allegation of new matter in the answer not specifically controverted in the reply, shall, for the purposes of the action, be taken as true." We think that, under the pleadings in the case, the allegation respecting notice must be taken to be true.

There is also another view that may be taken of this point. From the record of the justice offered in evidence, it appears that the cause was tried on its merits, and judgment rendered for the defendant therein, the maker of the note, because it was given without any consideration. This record we think is *prima facie* evidence against the validity of the note, although the indorser had no notice of the proceedings. *Howell* v. *Wilson*, 2 Blackf. 418. It is not *conclusive*, in the absence of such notice, and in such absence, the defendant below might, on the trial of this cause, have introduced evidence to remove this *prima facie* presumption, and to show that the note was valid and the maker liable thereon; but no such evidence was given or offered.

Can an action be maintained on this indorsement?

It is contended by counsel for the appellant, that inasmuch as there is no indorsement from *Galloway*, the payee,

to *Tam*, the indorser, his indorsement to *Shaw* gives *Shaw* no right of action against him, the legal title to the note not passing; but we do not concur in this view of the case. *Tam*, having the possession of the note, must be presumed to be the equitable owner thereof, and entitled to the proceeds, although there was no indorsement from *Galloway*, the payee. *Bush* v. *Seaton*, 4 Ind. R. 522. We think he could transfer the note by indorsement in such a manner as to make himself liable to an action thereon. *Story*, in his work on Bills of Exchange, § 199, says: "If a bill is not originally made negotiable, &c., it may be transferred by the payee or holder thereof, either by delivery or by indorsement, in such a manner as to bind himself and to give his immediate assignee a right of action thereon against himself, but not to give him a right against any of the antecedent parties which can be enforced *ex directo*, at law (however it may be in equity) in his own name."

We think the assignment of *Tam*, in this case, subjected him to the same liability to his assignee, that would have attached had the note been duly assigned to him by *Galloway*, the payee.

No question as to due diligence, in our opinion, arises in the case.

By the indorsement of the note the appellant warranted two things: 1. That the note was valid; and 2. That the maker was solvent and able to pay it. "Due diligence" to collect of the maker, is only necessary in reference to the latter branch of the warranty. Where a note is invalid, suit may be brought immediately against the indorser, without having sued the maker. *Johnson* v. *Blake*, 3 Ind. R. 542.—*Henderson* v. *Fox*, 5 *id.* 489. There is no complaint in this case of the insolvency of the maker. The action is founded upon the other branch of the warranty, and might have been maintained without any suit against the maker, upon proof that the note was given without any consideration; and we think the suit against the maker, the record of which was given in evidence, supplies this proof.

It is objected to the proceedings against the maker, that

May Term,
1858.

TAM
v.
SHAW.

the appellant was not a party thereto, and we are referred to § 6, 2 R. S. p. 28, by which it is provided that, "when any action is brought by the assignee of a claim arising out of contract, and not assigned by indorsement in writing, the assignor shall be made a defendant to answer as to the assignment, or his interest in the subject of the action." It is true that the action against the maker was in the name of *Galloway*, the payee, for the use of *Shaw*, whereas, perhaps, in strictness, it should have been in the name of *Shaw*, making *Galloway* a defendant to answer as to his interest in the note; but no objection was taken in the case to the proceedings, and the cause was tried upon its merits, and we think no objection can be taken thereto by *Tam*. He was not required to be made a party, having transferred the note to *Shaw* by indorsement in writing; and having made such indorsement, he cannot, with much grace, contend that *Galloway* still had an interest in the note.

We are of opinion that the evidence justified the finding and judgment of the Court below.

*Per Curiam.*—The judgment is affirmed with costs.

*H. P. Biddle* and *B. W. Peters*, for the appellant (1).

*S. L. McFadin*, for the appellee (2).

(1) Counsel for the appellant made the following points:

1. No action will lie against *Tam* in favor of *Shaw*, founded alone on the note and *Tam's* assignment. To authorize such a suit, there should have been an assignment from *Galloway* to *Tam*. The late statute (2 R. S. p. 28, § 6) will not aid *Shaw* in this proceeding.

2. Admitting *Tam* to be liable to *Shaw* on his assignment, and admitting that he is bound by the proceedings before the justice against *Sweet*, still the evidence will not support the judgment. *Shaw* has not used due diligence. The time that he sued *Sweet*, or rather the time that *Galloway* for his use sued him, must be taken to be the 29th of *September*, not the 11th, when the ineffectual proceedings were commenced, which were afterwards dismissed on account of *Shaw's* or *Galloway's* negligence. This is 42 days after the note fell due, which delay, unexplained, will discharge *Tam* as assignor. And even if we take these proceedings as having been commenced on the 11th of *September*, the delay, unexplained, is still too great to amount to due diligence on the part of *Shaw*. *Hanna* v. *Pegg*, 1 Blackf. 181.—*Bishop* v. *Yeazle*, 6 *id.* 127.—*Merriman* v. *Maple*, 2 *id.* 350.—*Spears* v. *Clark*, 7 *id.* 283.—*Spears* v. *Clark*, 3 Ind. R. 296.

3. But *Tam*, having had no notice of the proceedings against *Sweet*, and not having been made a party to the suit, is not bound by such proceedings. 2 R. S. p. 28, § 6.

(2) Counsel for the appellee cited *Slaughter* v. *Foust*, 4 Blackf. 380; *Clearwater* v. *Rose*, 1 *id.* 137; 1 Caines, 363; *Johnston* v. *Dickson*, 1 Blackf. 256; *Youse* v. *M'Creary*, 2 *id.* 243; *Howell* v. *Wilson*, *id.* 418; *Fosdick* v. *Starbuck*, 4 *id.* 417; *Berger* v. *Henderson*, 5 *id.* 545; *Clark* v. *Walker*, 6 *id.* 82.

May Term, 1858.