## DAVIS ET AL. *v.* DOHERTY ET AL.

CONTRACT.—*Demand.—Pleading.*—In an action upon the balance of an account stated, with an agreement that said balance should be paid in work to be ordered after a certain date, the complaint is bad on demurrer if it does not aver a demand or order for the work as stipulated in the agreement.

SAME.—*Failure of Consideration.—Forged Notes.—Practice.—Pleading.*—In an action upon a written agreement to pay a balance of an account stated in work if ordered after a certain date, upon which account there are credits, an answer showing that a part of the credits were given for promissory notes purporting to have been executed by good parties, but which notes proved to be forgeries, is good as showing a failure of consideration of the agreement to the extent of the amount of the notes ; and in such case it would not be necessary to bring suit on the notes against the parties purporting to have executed them, before setting up the above defence, as the question of the genuineness of such notes could be determined as well under the above answer as in an original suit thereon.

SAME.—*Foundation of Defence.—Pleading.*—In such a case it was not necessary to make copies of the alleged invalid notes part of the answer, as such answer was not founded upon them, but upon the alleged partial failure of the consideration of the instrument sued upon.

SAME.—*Variance.—Amendment.—Supreme Court.—Practice.*—If there was any variance between the notes mentioned in the answer in such case and those offered in evidence, as to amount, it might have been obviated by an amendment, and, in the Supreme Court, under section 580 of the code, the amendment will be deemed to have been made.

SUPREME COURT.—*Weight of Evidence.—Practice.*—The Supreme Court will not disturb a verdict or finding on the evidence where it is conflicting.

From the Montgomery Circuit Court.

*J. Wright* and *J. M. Seller,* for appellants.

*P. S. Kennedy* and *W. T. Brush,* for appellees.

WORDEN, J.—Complaint by the appellants, as assignees, against the appellees, as makers, of the following instrument, viz.:

"CRAWFORDSVILLE, Ind., April 9th, 1873.

"Mr. George W. Call, in account with Doherty & McClelland, proprietors of The Crawfordsville Carriage and Wagon Works, corner of Washington and Pike streets ; ten per cent. on all back accounts running over thirty days.

| | |
|---|---|
| " Top Bug., O. & S............................... | $325.00. |
| " Top. Bug., O. & S............................... | 285.00. |
| " Top. Bug., O. & S............................... | 250.00. |
| " Open " " ............................... | 200.00. |
| " 2 Spring wagons............................... | 370.00. |

$1,430.00.

" By notes...................$2,138.25.

1,430.00.

" By balance due............................................$708.25.

" Bal. due to be taken in work; no job to be order ed sooner than 60 days from date; we then agree to fill within 30 days of order.

(Signed,)　　　　" DOHERTY & McCLELLAND."

This instrument had credits endorsed upon it to the amount of two hundred and forty dollars, and was endorsed by George W. Call, without recourse.

The complaint was in two paragraphs, to the first of which a demurrer for want of sufficient facts was properly sustained, as the paragraph did not allege any demand or order for the work, as was contemplated by the instrument. The second paragraph alleged a demand for the work and refusal.

The first paragraph of the defendants' answer was as follows:

" The defendants, for answer to the plaintiffs' complaint, say that they admit they made the promise and agreement sued on, but they say that among the notes received from the said George W. Call, as the consideration for said promise and agreement, were two notes purporting to have been executed severally by Samuel Babb and David Reed, amounting in the aggregate to the sum of eight hundred dollars, which is more than the amount due and owing to the plaintiffs on said contract; that said two

notes so received by them as a part of the consideration for said promise and contract sued on were never executed by the said David Reed and Samuel Babb, nor by any one by them authorized to execute the same. Wherefore they say there is a partial failure of the consideration for said promise and agreement, amounting to more than the amount due on said contract and promise, and defendants demand judgment," etc.

The plaintiffs demurred to this paragraph of answer for want of sufficient facts, but the demurrer was overruled and exception taken.

The issues joined were submitted to the court for trial, which resulted in a finding and judgment for the defendants.

The errors assigned are based upon the ruling of the court in sustaining the demurrer to the first paragraph of the complaint, in overruling the demurrer to the first paragraph of the answer, and in overruling the plaintiffs' motion for a new trial.

What we have already said sufficiently disposes of the first paragraph of the complaint, and we are of opinion that the demurrer to the first paragraph of answer was properly overruled.

If the defendants, as alleged, took the two notes purporting to have been executed respectively by Babb and Reed, as part consideration for the instrument sued upon, amounting to more than there is due upon the instrument sued upon, and if neither Babb nor Reed signed the notes thus taken, nor authorized any one to do so, there is a clear want or failure of consideration, to that extent, for the instrument in suit.

But it is insisted, as we understand the brief of counsel for the appellant, that the defendants were bound to sue Babb and Reed respectively on the notes purporting to be executed by them ; and that, until they have done so and

been defeated in the actions, they can not set up the defence to an action upon the instrument sued upon. We do not so understand the law. If the notes purporting to be signed respectively by Babb and Reed were really not their notes, no good purpose could be subserved by bringing actions upon them, but unnecessary costs and expenses would be thereby incurred.

The question, whether the notes were or were not the notes respectively of Babb and Reed, could be as fairly tried in this action as in actions against them upon the notes. Even the endorsee of an invalid note may sue his endorser without having sued the maker upon the note. *Henderson* v. *Fox,* 5 Ind. 489. See also *Tam* v. *Shaw,* 10 Ind. 469, p. 473.

Copies of the notes purporting to have been signed by Babb and Reed need not have been given as part of the answer, because the paragraph of answer was not founded upon them. The foundation of the defence set up was the partial failure of the consideration for which the instrument in suit was executed.

On the trial there was some conflict in the evidence in respect to the execution of the notes by Babb and Reed; but there clearly was evidence that would justify a finding that neither one of them executed the note purporting to be signed by him. The case comes clearly within that numerous class in which it has been held that this court will not disturb a finding or verdict on the evidence where it is conflicting.

Some minor points are made in respect to the evidence, but we see no ground on which the judgment should be reversed. If there was any variance between the notes mentioned in the answer, and those offered in evidence, as to amount, it might have been obviated by an amendment, and the amendment will be deemed to have been made. Code, sec. 580.

The judgment below is affirmed, with costs.