Alleman *v.* Wheeler.

Filed April 2, 1885.

———————————◆———————————

No. 11,010.

ALLEMAN *v.* WHEELER.

PLEADING.—*Complaint.*—*Demurrer.*—*Motion to Make Certain.*—*Practice.*— Where the facts alleged in a complaint constitute a substantially good cause of action against the defendant, it is sufficient on demurrer and on motion to make more certain, although it might, with propriety, have been ordered to be made more certain.

PROMISSORY NOTE. — *Endorsement.* — *Warranty of Title and Genuineness.*— *Estoppel.*—One who transfers a negotiable instrument by endorsement, warrants the title and genuineness of the paper, and, when sued upon his contract of endorsement, he is estopped from denying the existence, legality or validity of the contract which he transfers, for the purpose of defeating his own liability thereon.

SAME.—*Alteration.*—*Principal and Surety.*—*Sufficiency of Evidence.*—A. W. and E. W. were private bankers, and as such loaned to D. certain

money for which he executed his note to E. W., cashier, with K. and A. and another as sureties. At its maturity the note was renewed with K. and A. only as sureties. When it was about due again, D. procured A. W. to prepare a new note in further renewal, payable to the latter. D. and K. signed this note, and D. then returned it to A. W., at his bank, and told A. he would find it there awaiting his signature. A. went to the bank, but told A. W. that he was unwilling to longer continue as co-surety with K., but was willing to endorse the note as surety for both D. and K. A. W. thereupon explained how that could be done, and acting under the impression that A. wished and was authorized to have the change made, drew his pen across the name "A. W." and wrote A.'s above it, and the latter then wrote his name across the back. When the note became due E. W. brought suit thereon against D. and K., who denied the execution of the note and succeeded in their defence. In a subsequent action by A. W. against A. on his endorsement, there was a finding and judgment against the latter.

*Held*, that upon the above evidence the finding will not be disturbed.

From the Marshall Circuit Court.

*J. D. McLaren* and *H. Corbin*, for appellant.

*A. C. Capron* and *M. A. O. Packard*, for appellee.

NIBLACK, J.—Action by Amzi L. Wheeler against Philip S. Alleman upon the latter's endorsement of a promissory note, as follows:

"$1,000.     PLYMOUTH, INDIANA, January 23d, 1879.

"One day after date, for value received, we, or either of us, promise to pay P. S. Alleman, or order, one thousand dollars, at his office in Plymouth, Ind., with interest at the rate of ten per cent. after maturity, and with ten per cent. attorney's fees, without any relief from valuation and appraisement laws.                                    W. W. DUFF.
                                          "REUBEN KALEY."

Endorsed: "P. S. ALLEMAN."

The complaint averred that when the note became due the plaintiff brought suit upon it in the Marshall Circuit Court against Duff and Kaley, as the alleged makers thereof, who joined issue in said cause by a plea of "*non est factum*," and and that upon the final trial, at the March term, 1882, of said

Alleman *v.* Wheeler.

court, Duff and Kaley recovered judgment against the plaintiff upon such plea and for costs of suit, taxed at $50.

The complaint further averred that at the time Alleman endorsed the note to the plaintiff, he had knowledge of the fact that Duff and Kaley were not its makers, and were not liable to pay the same; also, that the note remained wholly unpaid.

Alleman, the defendant, first moved that the plaintiff should be required to make the allegations of his complaint more specific, but his motion was overruled. He then demurred to the complaint, and his demurrer was overruled. He thereupon answered in two paragraphs: *First.* Denying the execution of the note by Duff and Kaley and of the endorsement sued on. *Second.* A general denial.

The circuit court trying the cause made a general finding for the plaintiff, assessing his damages at the amount due upon the note, and, denying a new trial, rendered judgment upon the finding.

It is claimed that the circuit court erred: *First.* In denying the motion to require the complaint to be made more specific. *Second.* In overruling the demurrer to the complaint. *Third.* In refusing to grant a new trial upon the ground that the finding was not sustained by sufficient evidence, and was, in fact, contrary to law.

It is enacted by section 376 of the code of 1881, that "In the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties; but when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defence is not apparent, the court may require the pleading to be made definite and certain by amendment."

It is quite evident that the facts relied on for a recovery in this action were not as directly and certainly charged as the rules of good pleading required, and that the complaint might, with great propriety, have been ordered to be made more

definite and certain; but we think the fair inference, from the facts as charged, was, that although Duff and Kaley purported to be the makers of the note, made a part of the complaint, they were not in fact such makers, and that by reason thereof payment could not be enforced against them; also, that at the time Alleman, the appellant, endorsed the note he had knowledge that Duff and Kaley were not its makers, and were not liable to pay it.

As thus construed, the facts contained in the complaint constituted a substantially good cause of action against the appellant. No injustice was, therefore, done him by denying his motion to have that pleading made more definite and certain. For the same reason there was no error in overruling the demurrer to the complaint.

Wait on Actions and Defences, vol. 1, p. 599, says: "An indorser impliedly warrants that the instrument is not forged, and he is liable on this warranty in case the instrument proves to be a forgery. *Herrick* v. *Whitney*, 15 Johns. 240; *Shaver* v. *Ehle*, 16 Johns. 201; *Morrison* v. *Currie*, 4 Duer, 79. The indorsement of a promissory note imports a guaranty by the indorser, that the makers are competent to contract in the character in which, by the terms of the paper, they purport to contract; and, therefore, where a note was void because it was made by married women, the endorser of the note was held liable. *Erwin* v. *Downs*, 15 N. Y. (1 Smith) 575. Knowledge by the plaintiff, at the time he received the note, that the makers were married women does not affect his right to recover. See *Remsen* v. *Graves*, 41 N. Y. (2 Hand) 471; *Putnam* v. *Schuyler*, 4 Hun, 166; 6 S. C. (T. & C.) 485; *Dalrymple* v. *Hillenbrand*, 2 Hun, 488; 5 S. C. (T. & C.) 57; 62 N. Y. (17 Sick.) 5; *McLaughlin* v. *McGovern*, 34 Barb. 208."

Edwards on Bills and Notes, at section 274, states the rule to be that "One who transfers a negotiable instrument by indorsement warrants the title and genuineness of the paper he transfers, and when prosecuted upon his contract of indorsement he is estopped from denying the existence, legality or

validity of the contract which he transfers for the purpose of defeating his own liability thereon. He warrants that the instrument is not forged, and is liable upon that warranty if any of the names prior to his own be not genuine."

In section 1354 of Daniel on Negotiable Instruments, it is said that the relation of one party to a bill or note is often such that he can not deny the genuineness of another's signature, for having treated it himself as genuine, it would be a fraud to permit him to assert the contrary. For instance, having issued a note as genuine in all respects, it would be unjust and fraudulent upon others to permit him to deny its validity, and proof of his having so issued it would be sufficient to entitle the holder to recover against him. See, also, *McKnight* v. *Wheeler*, 6 Hill, 492; *Edwards* v. *Dick*, 4 Barn. & Ald. 212.

Where a note is invalid, suit may be brought immediately against the endorser without having sued the makers. *Tam* v. *Shaw*, 10 Ind. 469; *Davis* v. *Doherty*, 69 Ind. 11; *Huston* v. *First Nat'l Bank of Centerville*, 85 Ind. 21.

There was evidence tending to show that for some time previous to 1879 the appellee, with his son Edward R. Wheeler, was a private banker in the city of Plymouth, and that during the year of 1879 their banking house was still kept open for the transaction of some business; that on the 25th day of October, 1877, Duff obtained from the appellee a loan of $1,000, for which he executed his note to Edward R. Wheeler, *cashier*, payable in ninety days, with J. R. Duff, Reuben Kaley and the appellant as his sureties; that the proceeds of the loan thus obtained were turned over to the appellant in payment of a debt which Duff owed to him; that on the 26th day of January, 1878, Duff executed another note for the same amount in renewal of the first, payable in one year, with Kaley and the appellant only as his sureties; that in January, 1879, when this last named note was about to become due, Duff went to the appellee and procured the latter

to prepare a new note to be executed in further renewal of the first note, which new note was the original draft of the note herein above set out, but contained the name of "A. L. Wheeler " as the payee; that Duff signed this new note and took it to Kaley, who also signed it; that Duff returned the note thus signed to the appellee; that Duff soon afterwards met the appellant on the street and told him that the new note was at the appellee's bank awaiting his signature; that the appellant, telling Duff that he wished to have some private talk with the appellee, went into the bank where he found the appellee alone; that the appellant there told the appellee that he had been consulting about the matter and was unwilling to longer continue as co-surety with Kaley, and had hence made up his mind not to sign the new note on its face; that he was willing to endorse it as the surety of both Duff and Kaley, but not otherwise; that the appellee explained to him that to arrange matters in that way he, the appellant, ought to be made the payee of the note, and indicated to him how the proposed new note could be changed so as to make him the payee; that the appellee thereupon, in the presence of the appellant, and acting seemingly under the impression that the latter wished, and was authorized, to have the change made, drew his pen across the name of "A. L. Wheeler" and wrote above it " P. S. Alleman;" that the appellant then wrote his name across the back of the note and left it with the appellee; that after the note became due suit was brought upon it in the name of Edward R. Wheeler; that the makers denied the execution of the note and succeeded in their defence.

The evidence was conflicting as to what occurred, and as to what was said, between the appellant and the appellee at the time the name of the payee of the note was changed, but there was evidence inferentially tending to describe the transaction as we have stated it.

Applying the doctrine of the authorities cited to the facts as herein set forth, there appears to us to have been, and cer--

tainly was, evidence tending to sustain the finding of the circuit court in all essential respects. The finding was, therefore, presumably not contrary to law, and can not be disturbed upon the evidence.

The record of the action between Edward R. Wheeler and Duff and Kaley was read in evidence, and much time has been consumed in the discussion of the question as to what facts that record established, but in our view there was evidence sufficient to make out a case for the appellee without the introduction of that record, and hence we need not now consider any of the questions made upon it in argument.

The judgment is affirmed, with costs.

Filed March 31, 1885.