No. 97.

OFFUTT v. RUCKER.

BANK CHECK.—*Action on.*—*Complaint.*—In an action by the holder of a bank check against the drawer, when payment has been refused on demand, the complaint need not allege that the drawer has no funds in bank.

SAME.—*Notice of Dishonor.*—*Failure to Allege.*—Nor is the complaint defective because it fails to allege notice of the dishonor of the check, where it does not appear that the drawer was injured by the failure to give notice.

Offutt v. Rucker.

SAME.—*Real Party in Interest.*—*Estoppel.*—The drawer of a bank check is estopped to deny that the payee is the real party in interest.

PLEADING.—*Breach of Covenant.*—*Deed.*—*Exhibit.*—Where, in a suit upon a bank check, given for the purchase money of real estate, a breach of covenant of warranty is pleaded as a set-off, the deed in which the alleged warranty is contained is the foundation of the defence, and it, or a copy thereof, must be filed as an exhibit with or set out at length in the body of the answer.

From the Rush Circuit Court.

B. L. *Smith* and B. *Cambern*, for appellant.

D. S. *Morgan* and D. *Morris*, for appellee.

REINHARD, J.—The errors assigned and discussed by counsel in this cause are:

1. The overruling of appellant's demurrer to the appellee's complaint.

2. The sustaining of the appellee's demurrer to the third paragraph of the appellant's answer.

3. The sustaining of the appellee's demurrer to the fifth paragraph of appellant's answer.

The action was on a bank check. The complaint is as follows:

"Mary A. Rucker, plaintiff, complains of George W. Offutt, defendant, and says that on the 18th day of January, 1889, defendant, by his check, a copy of which is filed with and made a part of this complaint, marked 'A,' requested the Rush County National Bank of Rushville, Indiana, to pay plaintiff, Mary Rucker, or order, one hundred and fifty dollars ($150); that it was agreed at the time of the execution of said check that the same was to be placed in the hands of Ben L. Smith, Esq., to be delivered by him to plaintiff in the event that plaintiff and her husband would quit the possession of a certain dwelling-house in the town of Arlington, in Rush county, Indiana, and deliver possession of the same to defendant within —— days from the date of said check; that said plaintiff and her husband did quit possession of said premises, and deliver the same to said

defendant within said time, to wit, on the 7th day of February, 1889; and that said Ben L. Smith, Esq., delivered said check to plaintiff on the said 7th day of February, 1889, upon which day plaintiff duly endorsed said check and presented the same to said bank and demanded payment of the same, which was refused; that said defendant had notice of such refusal on the 14th day of February, 1889; that said check is due and wholly unpaid. Wherefore plaintiff demands judgment," etc.

The particular objections to the complaint, for which appellant's counsel insist the demurrer should have been sustained, are stated in their brief, as follows:

" There is no averment in the complaint that the appellant had no funds in the bank. Now if the funds were provided by the appellant and he issued his check against such funds, what more could he do or be required to do? For aught that appears in the complaint, the appellee was not properly identified, or the bank unable to pay the check for want of funds of their own, nor was payment of the check demanded of appellant after the refusal by the bank."

It was not necessary to aver that the appellant had no funds in the bank. It is immaterial what the bank's motive may have been for refusing to pay the check. Appellee could not have enforced payment from the bank whether it rightfully or wrongfully withheld such payment. There was no privity of contract between the payee of the check and the bank. The appellant had no cause of action against it. Such a check, without words of transfer, does not operate as an equitable assignment *pro tanto* of the funds on deposit in the bank to the credit of the drawer of the check. *Harrison* v. *Wright*, 100 Ind. 515. The averment contended for by the appellant was, therefore, not necessary.

Neither will the complaint be rendered insufficient by failing to allege notice of the dishonor of the check, though we do not decide that such notice is not, in fact, averred in the complaint.

" When demand of payment of a check has been made and refused, it is the duty of the holder to give notice of the dishonor of the check. But a failure in this will not discharge the drawer from liability unless damage shall result to him from the delay or failure, and then only to the extent of the damage sustained." *Griffin* v. *Kemp*, 46 Ind. 172. It did not appear in the complaint how, if at all, the appellant was injured by such delay or failure to give notice, if none was given.

We think the demurrer to the complaint was correctly overruled.

The next alleged error consists in the sustaining of the demurrer to the third paragraph of the appellant's answer. The attempt is, in this paragraph, to plead as a set-off against the cause of action which was for purchase-money of real estate, a breach of covenant of warranty, the paragraph averring that the appellant had been compelled to pay certain encumbrances upon such real estate.

Several reasons are suggested why this paragraph of the answer should be held insufficient, but it is only necessary to state that the appellant failed to set out or file with this paragraph the deed, or a copy thereof, in which the alleged warranty is contained. In such a case the deed is the foundation of the defence, and it, or a copy thereof, must be filed as an exhibit with or set out at length in the body of the answer. *Starkey* v. *Neese*, 30 Ind. 222; *Galbreath* v. *McNeily*, 40 Ind. 231; *Woodford* v. *Leavenworth*, 14 Ind.311; *Jenkinson* v. *Ewing*, 17 Ind. 505; *Church* v. *Fisher*, 40 Ind. 145; *Gibson* v. *Richart*, 83 Ind. 313.

The third and last specification of error challenges the correctness of the ruling of the circuit court in sustaining the demurrer to the fifth paragraph of the answer.

The gist of this answer is that the appellee, at the time the check was drawn, was not, and is not now, the real owner thereof, but that it is owned by the appellee's hus-

hand, as against whom the appellant has some sort of defence to the action.

The appellant, being the drawer of the check, sustains to it the same relation a maker does to a promissory note. Such maker is estopped to deny that the payee of the instrument was the real party in interest. *Johnson* v. *Conklin*, 119 Ind. 109; *Blacker* v. *Dunbar*, 108 Ind. 217.

We are therefore of the opinion that the court committed no error in sustaining the demurrer to the third and fifth paragraphs of the appellant's answer.

Judgment affirmed, with costs.

Filed April 30, 1891; petition for a rehearing overruled Sept. 19, 1891.