Hoffman *v.* Hollingsworth.

No. 1,155.

## HOFFMAN *v.* HOLLINGSWORTH.

STATUTE OF LIMITATIONS.—*Six Years' Statute.*—*Defense.*—*Promissory Note.*—*Indorsement.*—In an action on a contract of indorsement of a promissory note, the six years' statute of limitation is not available as a defense.

PROMISSORY NOTE.—*Bank Note.*—*Demand of Payment, What Amounts to.*—*Waiver.*—*Indorser, Liability of.*—If a note is payable in bank, it is unnecessary that payment be demanded of the maker, in the sense of making a personal or written demand upon him, in order to bind the indorser. In such case the only demand necessary is that the note be at the place designated, on the day it falls due, and there be some one there authorized to accept payment; and such presentment for payment must be made at such time, unless it is not in the holder's power to do so by the use of reasonable diligence, or unless the necessary steps to fix the liability of the indorser are prevented by some act of his which puts the holder off his guard, in which case the holder is excused and liability attaches to the indorser.

SAME.—*Indorser.*—*Waiver of demand.*—In such case the waiver of demand, by the indorser, is a question of fact for the jury.

SAME.—*Dishonored.*—*Notice.*—*Indorser.*—It is the duty of the maker of a bank note to be at the bank during its business hours and pay the same; and if he fails to make payment at maturity, that fact alone is a dishonor, and the holder may notify the indorser, and thus fix his liability.

Appeal from the Knox Circuit Court.

*O. H. Cobb,* for appellant.

*J. T. Goodman, W. F. Townsend* and *J. Wilhelm,* for appellee.

Ross, J.—The appellee sued the appellant upon his indorsement of a promissory note, alleging in his complaint the execution of the note, the indorsement by appellant, a demand upon the maker, a refusal to pay, and notice to the appellant of the nonpayment, and a request to appellee by appellant not to sue the maker because he

was insolvent, and that he had no property subject to execution. It is also alleged that the maker died in the year 1882. To the complaint the appellant filed an answer in six paragraphs. The first paragraph is a general denial; the second, want of consideration for the indorsement; the third, payment; the fourth, an agreement not to sue the appellant on his indorsement; the fifth, the six years' statute of limitations; and the sixth, that the appellee had extended the time of payment without the knowledge of appellant.

The appellant demurred to the second, fourth, fifth, and sixth paragraphs of the answer. The demurrers to the second, fourth, and sixth paragraphs were overruled, and the demurrer to the fifth sustained, to which latter ruling appellant excepted.

Two alleged errors are assigned in this court, namely: First, that the court erred in sustaining the demurrer to the fifth paragraph of answer; and second, that the court erred in overruling the motion for a new trial.

The note sued on was dated November 15, 1882, was payable in bank, and became due sixty days after date.

"One who transfers a negotiable instrument by indorsement warrants the title and genuineness of the paper he transfers, and when prosecuted upon his contract of indorsement he is estopped from denying the existence, legality or validity of the contract which he transfers, for the purpose of defeating his own liability thereon. He warrants that the instrument is not forged, and is liable upon that warranty if any of the names prior to his own be not genuine." Edwards Bills and Notes, section 274. *Alleman* v. *Wheeler*, 101 Ind. 141.

If the instrument indorsed is invalid as to the parties purporting to have executed it, suit may be brought against the indorser without first having sued the

makers. *Tam* v. *Shaw*, 10 Ind. 469; *Davis* v. *Doherty*, 69 Ind. 11; *Willson* v. *Binford, Admr.*, 81 Ind. 588.

The indorser of a negotiable instrument warrants the liability of the maker and his ability to pay. *Earnest* v. *Barrett*, 6 Ind. App. 371; *Tam* v. *Shaw, supra; Grimes* v. *Piersol*, 25 Ind. 246; *Ward* v. *Haggard*, 75 Ind. 381; *Huston* v. *First Nat'l Bank, etc.*, 85 Ind. 21; *Pool* v. *Anderson*, 116 Ind. 88. Hence, the contract of the indorser is that he will pay the obligation if the maker fails.

The note sued on is payable at a bank in this State, and is, therefore, negotiable as an inland bill of exchange under section 7520, R. S. 1894. *DePauw* v. *Bank, etc.*, 126 Ind. 553. The indorser of such a note undertakes, unless his liability is expressly qualified by the indorsement, that if the note is not paid at maturity, and he has due notice of its dishonor, he will pay it.

It seems to be settled law everywhere that upon the presentment for acceptance or payment of a foreign bill of exchange, and acceptance or payment is refused, the holder must protest it in order to charge the indorser. But as to inland bills of exchange the rule is different, and protest is not necessary except when specially provided for by statute. Daniel on Negotiable Instruments, section 926, and cases cited.

In the case of *Green* v. *Louthain*, 49 Ind. 139, which was an action against the indorsers on a promissory note payable at a bank in this State, an objection was made to the sufficiency of the complaint, and the court says: "The last objection urged to the complaint is, that it does not appear therefrom that the note was protested, and due notice thereof given to the indorsers. No protest of the note was necessary. All that was re-

quired to fix the liability of those secondarily liable was a demand of payment and notice of nonpayment.''

Notice of the nonacceptance or nonpayment is necessary to make the indorser liable, and in default of such notice, the party entitled thereto is discharged. *Bronson* v. *Alexander*, 48 Ind. 244; *DePauw* v. *Bank, etc., supra.*

It is alleged in the complaint under consideration, that the note was presented for payment when due, payment refused and notice of nonpayment given appellant. This is all that was necessary to fix the appellant's liability under the authorities above cited. But counsel insist that appellant's liability as an indorser, under the allegations of the complaint, can not be determined from the blank indorsement for the reason that it is alleged that the appellee refrained from proceeding against the maker at the request of appellant, and that this request became a part of his contract of indorsement; that oral evidence was necessary to establish such request, hence the entire contract became a mere verbal contract, and an action thereon would not lie after six years.

When it is necessary to resort to oral evidence to establish a contract, although a part of the contract be in writing, the entire contract is regarded as a verbal one. *Tomlinson* v. *Briles,*101 Ind. 538, and cases cited.

An action upon a contract partially in writing and partially in parol, is barred by the six years' statute of limitations. *Falmouth, etc., Turnpike Co.* v. *Shawhan,* 107 Ind. 47.

The cause of action alleged in the complaint is not predicated upon the allegation that the maker was not sued on account of, and pursuant to, the request of the appellant, but is based upon his indorsement, unconnected with such request. The failure of the maker to pay the note at maturity, and notice of such nonpayment, created appellant's liability. The request not to

sue the maker created no other or greater liability on appellant's part than if the request had not been made. There was no error in sustaining the demurrer to this paragraph of the answer.

It is next urged that the court erred in overruling the appellant's motion for a new trial. With this motion appellant filed many reasons upon which the motion was based, but as counsel have argued only the statutory causes, those only need be considered, the others being waived.

The question now presented, and which we are called upon to decide, is what is meant by a demand of payment and notice of nonpayment that fix the liability of the indorser? When a note is payable in bank, it is unnecessary that payment be demanded of the maker, in the sense of making a personal or written demand upon him, in order to bind the indorser. Thus, when a promisor makes a note payable at a bank, the only demand necessary is that the obligation be at the place designated, on the day it falls due, and some person there authorized to accept payment.

"Whatever difference there may be in the cases, as to the necessity of a demand at the place specified, it is perfectly clear that so far as place is concerned a presentment there by the holder is always sufficient, and this is true whether the liability of the indorser, maker, drawer or acceptor is concerned. Nor in such case is it necessary for the maker himself, or his agent, to make a formal demand, for it is sufficient if the note is at the place on the day of maturity, ready to be delivered up to any party who may be entitled to it on payment of the amount due; and if, at the close of business hours the note or bill is still unpaid, these facts alone constitute a dishonor, and the requisite notice may be given forth-

with to the proper parties." 1 Parsons Notes and Bills, p. 434.

It is the duty of the maker to be at the bank during its business hours and pay the same, and if he fails to make payment that fact alone is a dishonor, and the holder may notify the indorser and thus fix his liability. *Bank of U. S.* v. *Carneal,* 2 Pet. *543.

The time when the demand should be made, in order to bind the indorser, is the day of the maturity of the note. *Piatt* v. *Eads,* 1 Blackf. 81; *Robinson* v. *Blen,* 20 Me. 109; Parsons Notes and Bills, page 373.

While this is the general rule, it has its exceptions. With the exceptions, which have been recognized by the courts, to this general rule, it has been relieved of much of its harshness, and we feel safe in saying that a correct enunciation of the rule now is that the holder must present the note for payment on the day it falls due, unless it is not in his power, by the use of reasonable diligence, to do so. *Windham Bank* v. *Norton,* 22 Conn. 213.

As to whether or not a party has used due diligence is often a very difficult question to be determined, and, although it may be shown that even had the demand been made a refusal would have resulted, yet it has often been held that that was no excuse.

In *Nicholson* v. *Gouthit,* 2 H. Bl. 610, Eyre, C. J., said: "It sounds harsh that a known bankruptcy should not be equivalent to a demand or notice, but the rule is too strong to be dispensed with."

Where the necessary steps to fix the liability of an indorser are prevented by some act of his which puts the holder of the note off his guard, the holder is excused and liability attaches to the indorser. *Bruce* v. *Lytle,* 13 Barb. (N. Y.) 163.

But such act must precede the time for the doing of the things which would fix the indorser's liability. For

if the indorser is once released from liability on account of the negligence of the holder, the subsequent acts of the indorser will not revive his liability.

There are cases where the parties (the holder and the indorser), before the maturity of the note, have, by agreement, settled the degree of diligence to be exercised by the holder, in order to fix the indorser's liability (*Schmied* v. *Frank*, 86 Ind. 250), but none of the cases hold that after the discharge of the indorser his liability may be revived.

Counsel, with great earnestness, insist that the evidence fails to show such diligence in demanding payment of the maker, as the law requires, to ·make appellant liable as an indorser.

We have read the evidence with great care, and while it is undisputed that the note was not at. the bank where made payable, at the time it fell due, and that demand of payment of the maker was not made until several days after its maturity, there is evidence tending to show that the note was not protested because the appellant told appellee "not. to proceed to collect it, but to try and work it out of Pidgeon." The appellant, however, denies that he ever told the appellee not to sue on the note or to try and "work it out of Pidgeon."

If the appellee was induced, by appellant, to forego taking the steps necessary to fix appellant's liability as an indorser, that was a waiver by appellant of the necessity for taking such steps, and his liability attached the same as if the appellee had proceeded as the law directs.

Whether or not there was such waiver was a question to be determined from the evidence. The evidence upon that question is conflicting. The court having believed that favorable to appellee and disbelieved that favorable to appellant, this court can not disturb the finding.

As the record comes to us, it appears that all the

equities of this controversy are in favor of the appellee, and the appellant having failed to show prejudicial error, the judgment will have to be affirmed.

Judgment affirmed.

Filed June 6, 1894.