### TILDEN ET AL. *v*. WHITELY MALLEABLE CASTING COMPANY.

[No. 3,790. Filed June 4, 1901.]

APPEAL.—*Assignment of Error.—Causes for New Trial.*—Assignments of error, (1) "that the court erred in interrupting and stopping the trial of the case while the evidence was being given," (2) "in interrupting and stopping the trial of said cause and referring the same to a master commissioner," (3) "overruling appellant's objection to the master commissioner being allowed to fix the place of taking the evidence," (4) "in overruling the appellant's objection to the second report of the master commissioner," are all causes for a new trial, and cannot be independently assigned as error.

From Grant Circuit Court; *J. L. Custer,* Judge.

Action by Whitely Malleable Castings Company against Adelbert L. Tilden, and others, for work, labor and material. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*A. E. Steele* and *J. A. Kersey,* for appellants.

*R. S. Gregory, A. C. Silverburg* and *O. J. Lotz,* for appellee.

HENLEY, J.—This action was commenced by appellee to recover for work and labor done and for material furnished appellants. The complaint was in two paragraphs. The answer was a general denial. The pleadings are not questioned. The cause was by the agreement of parties submitted to the court for trial without the intervention of a jury. The trial had proceeded to the examination of the second witness when the court upon its own motion referred the cause to a master commissioner to hear the evidence and report his conclusions of fact to the court. Appellants objected to this action of the court and also to the order of the court directing the master to proceed to take evidence at such time and place as he might think best. The master qualified and took the evidence in said cause at the office of the appellee in the city of Muncie. When the report of the master was filed, it was objected to by appellants on the ground that the proceedings were held out of Grant county and were *coram non judice.* Appellants' objections to the report were sustained, and thereupon the master served another notice upon all the parties that the hearing would be held in Marion, Grant county, Indiana. The evidence was heard and the findings of fact made, returned, and filed with the court, and upon which the court rendered a judgment in favor of appellee.

Appellants have assigned the following errors: "(1) The court erred in interrupting and stopping the trial of said cause while the evidence was being given; (2) the court erred in interrupting and stopping the trial of said cause and referring the same to a master commissioner; (3) the court erred in referring said cause to a master commissioner when the trial thereof by the court had been begun and was in progress; (4) the court erred in overruling appellants' objection to the interruption and stopping of the trial

of said cause and referring the same to a master commissioner; (5) the court erred in overruling the appellants' objection to the master commissioner being allowed to fix the place of taking the evidence; (6) the court erred in overruling the appellants' objection to the second report of the master commissioner."

It will be observed that it is not assigned as error that the court erred in overruling appellants' motion for a new trial. In fact the record shows that no motion for a new trial was made. All the alleged errors assigned by appellants are causes for a new trial, and can not be independently assigned as error in this court. They all fall under subdivisions one and eight of §568 Burns 1894, relating to motions for new trials and causes therefor. It follows that no question is presented to this court by the record and assignment of errors.

Judgment affirmed.