## WILLIAMS v. LOWE.

[No. 9,054.    Filed June 7, 1916.]

1. APPEAL.—*Review.*—*Assignment of Errors.*—*Specification of Errors.*—Where appellant's first and second assigned errors set forth that the trial court erred in sustaining appellee's demurrers to the first and second paragraphs of answer "to appellee's complaint" no question is presented the appellate court for review by such assigned errors, because the record does not disclose any ruling to which such assignments are applicable, since the first paragraph of answer was addressed to the first paragraph of complaint and the second paragraph of answer was addressed to the second paragraph of complaint.    p. 360.

2. LIMITATION OF ACTIONS.—*Action on Check.*—Action on a bank check is not barred until ten years under §295, cl. 5, Burns 1914, §293 R. S. 1881.    p. 360.

3. BILLS AND NOTES.—*Bank Check.*—*Liability of Drawer or Signer.*—A check is a written contract for the payment of money and the drawer or signer of the bill by the act of drawing and delivery becomes bound to pay if the acceptor does not.    p. 360.

4. APPEAL.—*Review.*—*Reservation of Exceptions and Errors.*—The refusal of the trial court to allow the proper party to open and close the argument was an error occurring during the trial and should, under §585, cl. 5, Burns 1914, §559 R. S. 1881, be presented in a motion for a new trial to present any question for review on appeal.    p. 361.

5. TRIAL.—*Answers to Interrogatories.*—*Motion for Judgment.*—*Matters Considered.*—In determining the correctness of the ruling on a motion for judgment on the answers to interrogatories the court looks alone to such answers, the pleadings and the general verdict, every presumption being in favor of the general verdict, and the answer to the interrogatories will prevail over it only when the conflict between the two is such that no evidence possible under the issues could reconcile them; and, where the answers relied on are contradictory and inconsistent, they will not control the general verdict.    p. 361.

6. TRIAL.—*Verdict.*—*Answers to Interrogatories.*—*Conflict.*—In an action to collect money on a check dishonored because of the insolvency of the bank upon which it was drawn, the answers of the jury to the special interrogatories relied on to overturn the general verdict disclosed, substantially, that the defendant, as attorney for the plaintiff, collected a sum of money due plaintiff; that he deposited the money in the bank in his own name; and that he received nothing in consideration of the execution of the check sued upon, which was given to plaintiff in payment of the money collected by defendant.    *Held,* that, as the answers are in

legal effect contradictory and inconsistent, the general verdict should prevail.    p. 363.   .

7.  PRINCIPAL AND AGENT.—*Deposits of Funds.—Liability of Agent.* —Where an agent or trustee deposits money belonging to his principal in his own name, without in some way designating it as trust property, he will be responsible for any loss that may occur to the fund while so deposited and estopped to deny liability.    p. 363.

8.  TRIAL.—*Motion for Judgment on Interrogatories.—Answers in Conflict.*—There is no error in overruling a motion for judgment on the answers to special interrogatories where such answers are conflicting and inconsistent.    p. 364.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by John C. Lowe against George A. Williams.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*George A. Williams,* for appellant.

*John H. Cartwright* and *E. B. Sellers,* for appellee.

HOTTEL, P. J.—This is an appeal from a judgment in appellee's favor for $629.24 in a suit brought by him on a check given to him by appellant for said amount, drawn on A. McCoy & Company's Bank, of Rensselaer, Indiana, and bearing date of April 16, 1904.   The transaction which gave rise to the suit has been before this court in two former appeals: *Baughman v. Lowe* (1907), 41 Ind. App. 1, 83 N. E. 255; *Williams v. Lowe* (1911), 49 Ind. App. 606, 97 N. E. 809.   The complaint now involved is in two paragraphs.   The facts leading up to and connected with the giving of said check as alleged therein are substantially as follows:   Appellee was the plaintiff in a foreclosure proceeding in which certain land was ordered sold, and he became the purchaser at such sale and received a certificate of purchase therefor.   Toward the close of the year for redemption, appellee gave this certificate to his attorneys, including appellant, who represented him in the foreclosure suit,

so that they might have it to surrender to the redemptioner in case he redeemed from the sale. The owner paid to the clerk of the court the amount necessary to redeem said land and the latter paid it over to said attorneys on April 15, 1904. On the same day appellant deposited the funds so collected in the A. McCoy & Company's Bank, of Rensselaer, in his name. Appellee was notified of the redemption and he came to Rensselaer on April 16, 1904, to make settlement and appellant gave him his (appellant's) check on the A. McCoy & Company's Bank for the amount, less attorneys fees of $629.24. At the time this check was delivered to appellee the bank had closed for that day and did not afterwards open its doors for business and was later declared a bankrupt. On the following business day appellee placed said check in a bank at Monticello, Indiana, where he lived, for collection. This check was not presented to the bank on which it was drawn for the reason that such bank never opened after appellees received said check. Appellant was notified of such fact and payment of the check was demanded of him and he refused to pay. The only difference between the two paragraphs that we need mention is that the check in suit is set out as an exhibit to the first paragraph and is set out in the body of the second paragraph. Numerous answers were filed to each of said paragraphs, of which the first, second, tenth and eleventh, only are set out in appellant's brief. The first and second plead the six years statute of limitations to the first and second paragraphs of complaint, respectively, and a demurrer to each was sustained by the court. The ninth paragraph is a plea of no consideration. There was a trial by jury. With their general verdict the jury returned answers to interrogatories. Appellant's motions

for judgment on such answers and for new trial were overruled.

The errors assigned and relied on for reversal are: (1) Error of the court in sustaining appellee's demurrer to appellant's first paragraph of answer "to appellee's complaint"; (2) error of the court in sustaining appellee's demurrer to appellant's second paragraph of answer "to appellee's complaint"; (4) "the court erred in refusing to allow the appellant to open and close the argument to the jury"; (5) error in overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

1. No question is presented by either the first or second assigned errors because the record does not disclose any ruling to which such assignments are applicable. The first paragraph of answer was addressed to the first paragraph of complaint and the second paragraph of answer was addressed to the second paragraph of complaint, and neither was addressed to "the complaint." However, our examination of the complaint convinces us that each paragraph thereof is based on the check, and this being true, 

2. the action is not barred by the six years statute of limitations. §295, cl. 5, Burns 1914, §293 R. S. 1881; *Culver* v. *Marks* (1890), 122 Ind. 554, 23 N. E. 1086, 7 L. R. A. 489, 17 Am. St. 377; *Henshaw* v. *Root* (1877), 60 Ind. 220, 222; *Sutton* v. *Baldwin* (1896), 146 Ind. 361, 45 N. E. 518; *Hoffman* v. *Hollingsworth* (1894), 10 Ind. App. 353, 356, 37 N. E. 960.

3. A check is a written contract for the payment of money and the drawer or signer of the bill, by the act of drawing and delivery, becomes bound to pay if the acceptor does not. 1 Parsons, Notes and Bills 54. *Offutt* v. *Rucker*

(1891), 2 Ind. App. 350, 354, 27 N. E. 589.   See also, cases cited, *supra*.

Appellant's fourth assigned error presents no question.   The refusal to allow appellant to open and close the argument was an error oc-

4.   curring during the trial and should have been made the ground of a motion for new trial in order to present any question for review here. §585, cl. 8, Burns 1914, §559 R. S. 1881; *Tilden* v. *Whitely, etc., Co.* (1901), 27 Ind. App. 53, 60 N. E. 963; *Siberry* v. *State* (1897), 149 Ind. 684, 39 N. E. 936, 47 N. E. 458.

It is questionable whether appellant has by his brief presented the fifth assigned error.   In any event the ruling complained of was not, in

5.   our judgment, erroneous.   In determining the correctness of the ruling on a motion for judgment on the answers to interrogatories the court looks alone to such answers, the pleadings and the general verdict.   *Beard* v. *Goulding* (1913), 55 Ind. App. 398, 103 N. E. 875; *Meyers* v. *Winona, etc., R. Co.* (1914), 58 Ind. App. 516, 106 N. E. 377. Every presumption is indulged in favor of the general verdict, and the answers to interrogatories will be permitted to prevail over it only in cases where the conflict between the two is such that no evidence possible under the issues could reconcile them.   *Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 104 N. E. 50; *Meyers* v. *Winona, etc., R. Co., supra*.   Where the answers relied on to overturn the verdict are themselves contradictory and inconsistent they will not control the verdict. *Chicago, etc., R. Co.* v. *Schenkel, supra; Meyers* v. *Winona, etc., R. Co., supra; Wise* v. *Cleveland, etc., R. Co.* (1915), 183 Ind. 484, 108 N. E. 369.

The interrogatories and answers here relied on

are as follows: "1. Did A. McCoy and Co's. Bank follow the directions of the defendant, George A. Williams, in making the deposit of the money realized in redemption of the lands described in the complaint? Answer: No. 2. Did George A. Williams know at the time he made the deposit in A. McCoy and Co's Bank that the bank officers were making the deposit in the defendant's name? Answer: No. 3. Did defendant George A. Williams, receive anything of value in consideration of the execution of the check set out in the complaint? Answer: No. 4. What thing of value did the defendant receive for the execution of the check sued upon? Answer: Nothing. 5. Did defendant claim that the money evidenced by the check sued on belonged to him? Answer: No. 6. Did the defendant, Williams, on April 15th, 1904, when he deposited the check given by the clerk of the Jasper Circuit Court of Indiana, receive from said bank a deposit slip showing how the deposit had been entered on the books of the bank? Answer: Yes. 7. Did the defendant, George A. Williams, on the 16th day of April, 1904, ascertain and know by ten o'clock a. m. of said day that the deposit made by him on the 15th day of April, 1904, in the bank of A. McCoy and Company was entered upon the books of said bank in the individual name of George A. Williams? Answer: Yes. 8. Did the defendant, George A. Williams, on April 15th, 1904, receive from the clerk of the Jasper Circuit Court of Indiana, a draft for $646.17, which had been paid to the said clerk in redemption of lands sold to plaintiff upon plaintiff's judgment, and which sum included attorneys fees, as well as the principal and interest of the plaintiff's claim? Answer: Yes."

These answers are in legal effect inconsistent and

contradictory when viewed in the light of the facts disclosed by the complaint and the law applicable thereto. Where an agent or trustee deposits money belonging to his principal, "he can escape the risk only by making the deposit in his principal's name, or by so distinguishing it on the books of the bank, as to indicate in some way, that it is the principal's money. If he deposit in his own name, he will not, in case of loss, be permitted to throw such loss on his principal. * * * In such a case, the good faith or intention of the trustee is in no way involved. Having for his personal convenience, or from whatever motive, deposited the money in his own name, thereby vesting himself with legal title, it follows as a necessary consequence, when a loss occurs, he will not be permitted to say, as against his *cestui que trust*, that the fact is not as he voluntarily made it appear. * * * Whatever diversity of opinion may be found in respect to the rights of the bank, or other creditors of the depositor, the authorities agree that a trustee who either invests or deposits trust money in his own name, without in some way designating it as trust property, will be responsible for any loss that may occur to the fund while so invested or deposited." *Naltner* v. *Dolan* (1887), 108 Ind. 500, 504, 505, 8 N. E. 289, 58 Am. Rep. 61.

The answers to interrogatories show that appellant, as appellee's attorney, received from the clerk of the Jasper Circuit Court a draft for the redemption money due appellee, and that he deposited the same in his own name in the bank on which the check in suit was given; that when he made the deposit he was given a deposit slip showing that the deposit had been entered to his credit on the books of such bank.

The appellant by so depositing in the bank funds belonging to appellee thereby appropriated the funds and became appellee's creditor in an amount equal to the amount of the funds of appellee so deposited, and under the issues appellee was entitled to prove and, for the purposes of the question under consideration, we must assume that he did prove that it was to discharge this indebtedness that the check in suit was given. It follows that the answers of the jury that appellant received no consideration for such check is inconsistent with such other answers and hence no error resulted from overruling the motion for judgment on the answers to interrogatories.

We find no reversible error in the record and the judgment below is therefore affirmed.

NOTE.—Reported in 113 N. E. 471. Money deposits made by persons acting in a fiduciary capacity, 31 Cyc 1478, 1479.