The La Fayette County Monument Corporation vs. Magoon.

THE LA FAYETTE COUNTY MONUMENT CORPORATION, Respondent, vs. MAGOON, Appellant.

*February 19 — March 12, 1889.*

*Contracts: Subscription: Consideration: Payment by check: Parol evidence to vary written contract: Condition subsequent: Discharge of judgment recovered prior to breach. .*

1. The defendant stated, in writing, to the county board that if within two years $2,000 should be raised by tax from the county and paid to a certain corporation to aid in the erection of a soldiers' monument, he would himself pay to said corporation $1,000 for the same purpose. *Held*, that the raising of the $2,000 by the county by tax, and the payment thereof to the corporation, was a good consideration for the defendant's subscription, which, not having been previously withdrawn, thereby became absolute.

2. Afterwards, in a communication to said corporation, the defendant stated that, in conformity with his agreement with the county board, he did thereby "subscribe and hand to the treasurer of said corporation $1,000 in money, to be used . . . in the erection of a soldiers' monument," on condition that the net cost thereof should not be less than $6,000, and that the full amount of $6,000 should be in the treasury of the corporation on or before March 1, 1888, "and if said amount of $6,000 is not in the hands of said treasurer by March 1, 1888, the said $1,000, so by me subscribed and hereby paid, shall be at once returned and refunded and paid back to me." The board of directors of the corporation approved of such communication and all its conditions, and the defendant thereupon gave to the treasurer his check for $1,000, and a receipt was given to him, signed by the treasurer and approved by the directors, as follows: "Received of [defendant] the sum of $1,000 according to the foregoing letter, its terms and conditions; and if the sum of $6,000 in money is not in my hands as treasurer . . . on March 1, 1888, then the said sum of $1,000 is to be refunded to said [defendant] forthwith." Subsequently, by direction of the defendant, payment of his check was refused. *Held:*

(1) The check was given upon sufficient consideration.

(2) The check was given and received *as money*, and was a *payment* of the subscription.

(3) Parol evidence of a contemporaneous agreement that the check was to be paid by a bond to be given by the defendant for the payment of the $1,000 upon the conditions specified in his com-

munication, was inadmissible to vary the contract evidenced by the communication, check, and receipt.

(4) The failure of the corporation to raise $6,000 by March 1, 1888, could not be a defense to an action upon the check brought and prosecuted to judgment before that date.

(5) If the condition as to the raising of such $6,000, contained in the contract between the defendant and the corporation, is valid (a question not determined), and there has been a breach thereof, the trial court may, on defendant's motion, discharge the judgment recovered before March 1, 1888, on the check.

APPEAL from the Circuit Court for *Grant* County.

The action is upon an unpaid bank check which is as follows: "$1,000. DARLINGTON, WIS., April 6, 1887. *Citizens' National Bank:* Pay to Joseph Blackstone, Treasurer of the La. Co. M. Ass. One Thousand Dollars, and charge account. HENRY S. MAGOON." On the back of the check was written, "Payable, May 3, 1887. HENRY S. MAGOON."

The complaint alleges that when such check was given the plaintiff was and still is a duly organized corporation under the laws of this state; that the check was given to the payee therein named as treasurer thereof; that the plaintiff is the holder and owner of the check; that payment thereof was demanded of said bank on May 3, 1887, and the bank refused to pay the same; and that the check was duly protested for nonpayment May 4, 1887, and notice thereof forthwith given the defendant.

On the trial of the cause the plaintiff proved by undisputed evidence all the above allegations of the complaint, and proved further that the check was given for and on account of the plaintiff, and that payment thereof was refused by the bank pursuant to directions given it by the defendant. When the plaintiff rested its case the defendant moved for a nonsuit, which motion was denied by the court.

The answer of defendant alleges generally want of consideration for the check in suit, and also payment thereof

by the tender of a certain bond which the plaintiff agreed to receive as such payment. The answer then proceeds to allege an agreement by the plaintiff with the defendant to erect, at its own expense, a monument to the deceased soldiers and sailors of La Fayette county, whether of the war of the rebellion, or the revolutionary war, or the last war with Great Britain, or the Mexican or Black Hawk war, which monument should be suitable and beautiful, and appropriately inscribed, and should contain the names of such deceased soldiers and sailors. That the plaintiff further irrevocably agreed that such monument should stand in the center of the public square in Darlington, should cost not less than $6,000, should be completed by January 1, 1889, and that plaintiff should raise and have in its treasury on March 1, 1888, $6,000 in money for monument purposes on or before said March 1, 1888.

It is admitted in the answer that upon the faith of such agreement, and not otherwise, the defendant subscribed $1,000 to the monument fund, and at the request of plaintiff gave the check in suit therefor, but upon the agreement that the same should be payable by the bond of defendant conditioned to pay such subscription on or before March 1, 1888, if by that date the plaintiff had in its treasury $5,000, exclusive of defendant's subscription, for the erection of the monument, and if the plaintiff would ever after adhere to and fulfil all its agreements with defendant above stated. It is also alleged that such bond was tendered to plaintiff on May 3, 1887, and repeatedly thereafter, and the check demanded, but that plaintiff refused to accept the bond or surrender the check. It is claimed that the tender of the bond pursuant to such agreement operates as a payment of the check in suit.

The defendant offered testimony on the trial to prove the agreement alleged in the answer, and the tender of the

bond and demand of the check as alleged therein, but the court rejected the testimony.

The following additional facts are proved by the testimony, mainly by that introduced by the defendant:

Under date of January 8, 1885, the defendant addressed the following communication to the board of supervisors of La Fayette county: "*Gentlemen:* Respecting the proposition to raise by tax $2,000 from La Fayette county to aid in the erection of the soldiers' monument to the memory of the deceased and wounded soldiers of said county, I will on the receipt by the monument organization of said sum of $2,000 so raised by tax from said county, myself pay to said organization $1,000 of my funds towards the erection of said soldiers' monument. Provided, that said sum of $2,000 be so raised by tax and paid to said monument organization within two years from this date. HENRY S. MAGOON." On the same day the board passed a resolution submitting to a vote of the electors of the county at the ensuing April election or town meeting, the question of raising by tax $2,000, toward the erection of such monument — $1,000 to be raised in that year, and the remaining $1,000 to be raised in 1886. A majority of the electors voted at such election in favor of such proposition, and the tax was duly levied, collected, and paid into the county treasury pursuant to such vote.

In November 1885, the plaintiff was organized as a corporation. The defendant is a signer of the articles of incorporation, and upon its organization became a director for three years, and its president. On January 6, 1887, the county board of supervisors by resolution ordered the county treasurer to pay over to the plaintiff corporation the $2,000 thus raised, and such treasurer executed the order on the same day by paying that amount to the treasurer of the plaintiff, who duly receipted therefor. On the

following day the county treasurer notified the defendant of such payment.

April 6, 1887, the defendant presented to the plaintiff's board of directors the following communication signed by him: " *To the Officers, Directors and Members of the La Fayette County Monument Corporation, and to said Corporation:* I, *Henry S. Magoon,* in conformity with and based upon the charter and by-laws of said corporation and the vote of the people and resolution of the county board and the agreement of *Henry S. Magoon* to said county board, hereby subscribe and hand to the treasurer of said corporation, the sum of one thousand dollars in money, to be used for the purposes of said corporation in the erection of a soldiers' monument in the center of the public square in the city of Darlington, on the condition that the net cost of said monument and its foundation shall not be less than $6,000, and on the further condition that the full amount of $6,000 shall be in the treasury of said corporation on or before March 1, 1888. And likewise that the monument shall be of approved design and materials. And if said amount of $6,000 is not in the hands of said treasurer by March 1, 1888, then said $1,000, so by me subscribed and hereby paid, shall be at once returned and refunded and paid back to me, said *Henry S. Magoon,* by said treasurer and said corporation, without default. *Dated, Darlington, Wisconsin, April 6, 1887.*" The board approved of the communication and all its conditions. Thereupon the defendant made and delivered to the plaintiff's treasurer the check in suit, and the following receipt was then signed by such treasurer, approved by the board of directors, and delivered to the defendant: " Received from *Henry S. Magoon* the sum of one thousand dollars, according to the foregoing letter, its terms and conditions; and if the sum of $6,000 in money is not in my hands as treasurer of said corporation, belonging to said corporation, on March 1,

1888, then the said sum of $1,000 is to be refunded to said *Magoon* forthwith by me and by said corporation." It is recited in the record of the directors' meeting of April 6, 1887, that the defendant handed such check to the treasurer on the faith and condition that all the agreements and conditions contained in his communication to the board would be faithfully observed and carried out by the plaintiff.

The court directed the jury to return a verdict for the plaintiff for the amount of the check and interest thereon from May 3, 1887, and the verdict was returned accordingly. Subsequently a motion for a new trial was denied by the court, and on February 24, 1888, judgment for the plaintiff was entered pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there were briefs signed by *Henry S. Magoon*, in person, and by *A. R. Bushnell, J. T. Mills*, and *M. M. Cothren*, of counsel, and the cause was argued orally by *Mr. Mills* and *Mr. Magoon*. They contended, *inter alia*, that the uncontradicted evidence proved that the check was wholly without consideration and intended simply to evidence a promised gift; that the check was only *deposited* on a condition to be fulfilled by the plaintiff, which condition it never fulfilled and thereby never became the owner of the check; and that by the law of *depositum* the plaintiff never was owner of the check, but ought to have surrendered it to the defendant at his request.

For the respondent there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*.

LYON, J.   1. We cannot doubt that the transactions between the parties of April 6, 1887, evidenced by the communication of the defendant to the plaintiff corporation, and the receipt which was approved and accepted by the defendant (both of which will be found in the foregoing statement of facts), show conclusively that the check in

suit was given and received as a payment of the defendant's subscription to the monument fund. The language of the defendant to the plaintiff in such communication is: "I, *Henry S. Magoon*, . . . hereby subscribe and hand to the treasurer of said corporation one thousand dollars in money to be used," etc., and that of the receipt is: "Received from *Henry S. Magoon* the sum of one thousand dollars according to the foregoing letter," etc. It is therefore a receipt for $1,000 in money. We cannot conceive how the parties could have expressed in stronger terms their intention that the check was given and received *as money*, and hence that it paid the defendant's subscription as effectually as though the payment had actually been made in cash. Had the plaintiff brought an action upon the subscription instead of the check, we think a defense that the subscription had been paid would be proved by the transactions of April 6, 1887. Possibly this view of the case removes from it the question whether there was a valid consideration for the subscription, but it is deemed proper to determine that question.

2. The communication of January 8, 1885, addressed by the defendant to the board of supervisors of La Fayette county, was a conditional subscription to the monument fund. The county performed all the conditions prescribed therein by the defendant within the required time. The defendant not having withdrawn his proposition to the county, his subscription thereupon became absolute. The raising of the $2,000 by the county by tax, and the payment thereof to the plaintiff corporation, is a good consideration for the defendant's subscription. This has been held in numerous cases in this court and elsewhere, and really is elementary doctrine. In *Lathrop v. Knapp*, 27 Wis. 214, the prevailing opinion by DIXON, C. J., goes further, and asserts the rule to be that where several persons mutually promise to contribute to a common object, the promise of

each is a good consideration for the promise of each of the others. The present chief justice filed an opinion holding the above rule too broad. He said, however, " I concede that the doctrine is well established that where such advances have been made or expenses and liabilities incurred by others, upon the credit of such a subscription, before any notice of withdrawal, then it becomes obligatory and binding upon the promisor, although he may not have derived any pecuniary advantage from the enterprise." The subscription of the defendant in the present case is within the qualified rule laid down in the latter opinion. The subject is so fully discussed in both opinions in *Lathrop v. Knapp* that further consideration of it here is uncalled for. It must be held that the defendant's subscription, as well as the check in suit, is supported by a valid consideration.

3. The testimony offered by defendant to prove the agreement to accept a bond in place of the check in suit and to surrender the check, also to prove a tender of the bond and demand of the check by defendant, as alleged in the answer, was properly rejected. There is no claim of any fraud or mistake in the written instruments which evidence the contract of the parties of April 6, 1887, and hence parol proof is not admissible to vary or add to the contract thus expressed in writing. This has been so frequently and so uniformly held by this court, and is so thoroughly well settled, that it is quite unnecessary to cite adjudications upon the subject.

4. The failure to raise $6,000 for the monument fund by March 1, 1888 (if such failure has occurred), is not a defense to this action, although had the action been pending after that date such failure might, perhaps, have been interposed by leave of court, as a counterclaim arising *puis darrein continuance*, provided the stipulation between the parties in that behalf is valid and binding upon the plaintiff — a proposition not here determined. On the hypothe-

The La Fayette County Monument Corporation vs. Magoon.

sis that it is a valid condition, it need only be said of it, that it is in the nature of a condition subsequent, which could not have been broken until long after the check became payable by its terms, and after judgment actually recovered upon it. Until such breach the right of action upon the check was as complete and perfect as though no such condition existed. Thus, in ejectment by a grantee of land who holds his title upon condition subsequent, against his grantor who, before breach of the condition, has evicted him, the unbroken condition subsequent is not available to the defendant either as a defense or in abatement of the action. All the defendant stipulated for was that in case of a breach of the condition the same sum should be refunded to him — not the same money or the same check. Hence the law of bailments, invoked by the defendant, has no application to the case.

It is believed that the foregoing views cover the whole case, and that they necessarily result in an affirmance of the judgment.

5. It has already been suggested that if the condition contained in the contract between the parties of April 6, 1887, is valid, and if there has been a breach thereof, the defendant can recover of the plaintiff, in any proper action or proceeding, the amount paid upon his subscription. In such case, the judgment herein not having been paid, it would be against equity and good conscience to require the defendant to pay it. Under the old practice, he could probably be relieved of the judgment by a suit in equity to restrain its collection. But if entitled to relief, the present practice gives him a simpler and more summary remedy, that is, by a motion to the circuit court, upon a proper showing, to discharge the judgment. If such a motion be made after the cause shall have been remitted to that court, and the defendant can satisfy the court that such condition is a valid and binding one upon the plaintiff,

and that it has been broken, and the defendant shall pay the costs of this action, we think the motion should be granted. If the circuit court should be of the opinion that the condition is invalid because not a part of the original subscription, and because the county of La Fayette is not a party thereto, or for any other reason, the motion will necessarily be denied. We leave the circuit court to pass upon the question above suggested, without intimating any opinion as to how it should be determined.

Since the argument of the appeal, and since the foregoing opinion was prepared, the members of this court have learned with profound regret that the able and scholarly defendant who had long been an honored and prominent member of the bar of this court, has departed this life. It is necessary, however, in order to facilitate the settlement of his estate, that judgment should be entered upon this appeal.

*By the Court.*— The judgment of the circuit court is therefore affirmed as of February 19, 1889, that being the day on which the cause was argued in this court.