Board of Trustees of Seventh Day Baptist Memorial Fund vs. Saunders.

THE BOARD OF TRUSTEES OF THE SEVENTH DAY BAPTIST MEMORIAL FUND, Respondent, vs. SAUNDERS, Appellant.

*March 21— April 11, 1893.*

*Bills and notes: Subscription: Consideration: Evidence.*

1. A subscription note given for the benefit of an academy for the purpose of inducing the payee to loan money to the academy, is based upon a valid consideration where other persons executed similar notes for the same purpose, and the payee advanced money to the academy on the faith of all such notes, and some of them were afterwards paid.
2. The facts showing such consideration may be proved, although the note itself expresses no consideration.

APPEAL from the Circuit Court for *Rock* County.

During the whole time covered by the transactions involved in and material to the determination of this action, the plaintiff was, and still is, a foreign corporation, organized and existing, among other purposes, for the purpose of holding in trust the memorial funds of the religious society known as the " Seventh Day Baptist Denomination," and to expend the principal and interest accruing therefrom in accordance with the objects for which the fund was raised.   During the same times the " Albion Academy and Normal Institute " was and is a corporation, organized under the laws of this state for educational purposes, and always has been and is under the control of such religious society or denomination.

In 1877 the Albion Academy corporation became seriously embarrassed financially, and was threatened with actions to foreclose certain mortgages it had theretofore executed on its real estate to secure its indebtedness or portions thereof.   Thereupon it applied to plaintiff corporation for a loan of money with which to pay such mortgage debts.   In March of that year the plaintiff loaned the

Board of Trustees of Seventh Day Baptist Memorial Fund vs. Saunders.

academy corporation $1,000.  Soon after, the academy cor-
poration applied to plaintiff for a further loan of $2,000,
offering as security for both loans a mortgage on its real
estate.  The plaintiff deemed the proposed mortgage secu-
rity insufficient, and declined to make the loan without
additional security, but was willing to make it should the
security therefor be made satisfactory.  Thereupon a move-
ment was inaugurated to obtain from the friends of the
academy subscription notes in a sufficient amount, in the
aggregate, to make the security for such loans satisfactory,
and thus to relieve the financial embarrassments of the
academy corporation.  Such subscription notes were there-
upon obtained from many persons, amounting in all to
about $2,400.  One of these was given by the defendant,
and is as follows:

"$100.00.                    Albion, Wis., April 7th, 1877.

"I hereby obligate myself, my heirs and assigns, to pay
to the treasurer of the S. D. B. Memorial Fund the sum of
$100.00 within ten years, with interest at seven per cent.
per annum after the first day of September, 1877.

"The avails of this subscription shall be accounted a part
of the Seventh Day Baptist Memorial Fund, and shall be
appropriated as follows:  The whole amount to Albion
Academy.

"This subscription is made with the understanding and
agreement on the part of the maker that in case the object
of the subscription herein named shall ever, in the judg-
ment of the chartered board of trustees, fail, the sum ob-
tained from it shall pass entirely under the control of said
board, and the income from said sum shall be applied to
promote such objects connected with the Seventh Day
Baptist Denomination as they shall deem most closely allied
to the object named.                    D. J. SAUNDERS."

The other subscription notes are substantially in the same
form.

Board of Trustees of Seventh Day Baptist Memorial Fund vs. Saunders.

These notes were obtained by the authorized agent of the academy corporation, and during the same year, or early in 1878, were by him delivered to the plaintiff. Thereupon, and in consideration thereof, the plaintiff, being satisfied with such additional security, made the further loan to the academy of $2,000. At the same time the latter corporation executed and delivered to plaintiff a mortgage on its real estate to further secure the repayment of such loans and interest. Some of those subscription notes have been collected by plaintiff, but many of them, and most of the mortgage debt, still remain unpaid.

This action was brought to recover of defendant the amount of his subscription note thus held by plaintiff, and by its terms payable to plaintiff. The case was tried by the court without a jury. The court found the foregoing facts (among others) established by the testimony, and gave judgment for plaintiff against defendant for the amount due on his subscription note by the terms thereof. The defendant appeals from the judgment.

For the appellant there was a brief by *Luse & Wait*, and oral argument by *L. K. Luse.*

For the respondent there was a brief by *La Follette, Harper, Roe & Zimmerman,* and oral argument by *G. E. Roe.*

LYON, C. J. The principal defense to the action is that the defendant stipulated with the agent of the academy, when he executed the subscription note in suit, that the same should not be delivered to plaintiff until similar notes should be obtained to the amount of $4,000, and that the defendant's note should be void and should be returned to him if that amount of notes should not be obtained. The court was requested by defendant to find specifically whether such stipulation was made. The court did not do so in terms, but did find that such note was delivered by the agent of the academy corporation to plaintiff, pursuant

to the understanding and agreement upon which it was executed and delivered to such agent, and without any objection by defendant to such delivery thereof to the plaintiff. This finding substantially negatives the claim that the defendant's subscription note was made conditionally, for it is conceded that notes to the specified amount were never obtained. If the defendant gave his note on the condition claimed, the same could not have been delivered to the plaintiff pursuant to the understanding between him and the agent of the academy, but such delivery in that case would have been against such understanding. There is testimony in the case tending to prove the existence of such condition, but it is opposed by testimony equally as satisfactory, and most of the reasonable probabilities of the case tend strongly to negative the existence of the condition alleged. We cannot properly disturb the finding of the court in that behalf; and if, as claimed by counsel for defendant, there were no finding that the note was not made on the condition claimed, it would probably be our duty to supply such finding.

The note in suit expresses no consideration therefor; but, if it does not import a consideration, one was proved *aliunde* the note. It appears that many other persons executed similar notes for the same purposes, and that plaintiff advanced its money to the academy in part on the faith of such notes, including the note in suit, and that some of those persons have paid their notes. These facts show a valid consideration for defendant's note. *Lathrop v. Knapp,* 27 Wis. 224; *La Fayette Co. M. Corp. v. Magoon,* 73 Wis. 627. We think there is no force in the objection that the foregoing facts are not available to plaintiff because not expressed in the note. It is always competent to prove that an instrument which expresses a consideration was in fact made without consideration, and it would seem equally competent to prove that an instrument silent on the subject was in fact executed upon sufficient consideration.

The case seems to be this: The defendant, a patron and friend of the academy, and entirely familiar with its condition and operations, promised in writing to pay plaintiff a sum of money and interest thereon at a specified time, for the use and benefit of the academy. Many other persons did the same thing, and some of them performed their respective promises. The defendant gave his subscription note for the purpose of inducing plaintiff to loan money to the academy to relieve it from its financial embarrassments. The plaintiff accepted such note with others, and on the faith of them made the desired loan, which is due and mostly unpaid. It now seeks to reimburse itself in part for such loan and interest by collecting the note thus executed to it by defendant for the express purpose of inducing it to make the loan, and in part security therefor. Is there any valid reason in law or equity why the defendant should not pay what he thus agreed to pay? We think not.

*By the Court.*— The judgment of the circuit court is affirmed.