Sutton *v.* Baldwin.

SUTTON *v.* BALDWIN.

[No. 17,873.   Filed December 3, 1896.]

PAYMENT.—*Bank Check.*—A check may be given and received, by agreement of the parties, as payment of a debt, and the debt for which it is so given is thereby extinguished, and if the check is not paid the right of action is on the check and not on the obligation or indebtedness for which it was given.

EXECUTION SALE.—*Estoppel.*—Where a sheriff received a check in payment for a deed issued under an execution sale of real estate, and thereby agreed to accept such check as so much cash, and further agreed to hold the check until next day in order that the purchaser, as a junior encumbrancer, might restrain payment to the execution creditor the amount of his said lien of such purchase-money, but the sheriff in violation of his said agreement transferred said check to plaintiff's attorney, informing him of the agreement to hold the check, and the purchaser next day, upon learning of the violation of the agreement made the night before, ordered the bank on which the check was drawn not to pay same, and such check was never returned or tendered to said purchaser, plaintiff by his conduct in receiving the check from the sheriff with a knowledge of the agreement, ratified the acts of the sheriff and is not entitled to the remedy provided by section 772, Burns' R. S. 1894 (760 R. S. 1881), for recovering judgment for the amount at which real estate is sold by the sheriff on execution.

TENDER.—*Money Deposited with Clerk of Court.*—Where, pending a trial, defendant deposits certain money in court to be returned to him on condition plaintiff surrenders to the clerk of the court defendant's check issued in payment of the debt in suit, the money and check to be held by the clerk subject to the order of the court, and such check is not surrendered, an order of court to return the money deposited is proper.

From the Cass Circuit Court. *Affirmed.*

*McConnell & McConnell, G. W. Walters* and *G. C. Taber*, for appellant.

*D. P. Baldwin* and *McConnell & Jenkins*, for appellee.

MONKS, J.—This was a proceeding brought by the appellant, April 8, 1895, under section 772, Burns' R. S. 1894 (760, R. S. 1881), to recover judgment against appellee for the amount at which certain real estate was sold to him by the sheriff on execution, with interest and ten per cent. damages and costs, on the ground that he had failed and refused to pay the same. At appellant's request, the court made a special finding of facts and stated conclusions of law thereon, "that appellee had paid the amount of his bid before the commencement of this action, and that he is entitled to a judgment against appellant for costs," to which conclusions of law appellant excepted. Over appellant's motion for a new trial, judgment was rendered in favor of appellee.

It appears from the special findings, "that appellant, as a redemptioner from a former sale of the real estate in question, caused a *venditioni exponas* to be issued by the clerk of the Cass Circuit Court and to be placed in the hands of the sheriff of said county, and the sheriff thereupon advertised the land to be sold on said writ on the 25th day of February, 1895. On the day of sale, the land was struck off and declared sold to appellee for $3,741.00, he being the highest bidder. The sheriff tendered a deed for said real estate to appellee, which he accepted and still retains; that at the time said deed was delivered appellee made out and delivered to said sheriff, in payment for his bid for said real estate, a check on the State National Bank of Logansport, Indiana, for $3,741.00, payable to Charles W. Hornburg, or order, which check the sheriff then and there accepted from appellee in payment of his bid for said real estate. Appellee had that sum of money on deposit in said bank subject to check on said February 25 and 26, 1895; that immediately before the delivery of the sheriff's deed and the check,

appellee stated to said sheriff and his deputy that at that hour of the night it would be impossible for him to pay the amount of his bid in cash, and inquired of said sheriff if he was willing to accept his check in lieu of the cash; and said sheriff then and there stated and agreed that he would accept said check in lieu of so much cash; that appellee further stated to said sheriff, before the delivery of either the deed or the check, that he claimed $900.00 of the said $3,741.00, as junior encumbrancer of said land, and informed said sheriff that he was about to commence a suit against him to enjoin the payment of said $900.00 to appellant, and refused to deliver to him said check of $3,741.00 unless said sheriff would agree to hold said check until 10:30 a. m. the next day, so that he, appellee, might restrain the payment of said $900.00, to which the sheriff assented and agreed, and thereupon appellee delivered to said sheriff his check in the usual form on the State National Bank of Logansport, to the order of Charles W. Hornburg, and signed by appellee, for the sum of $3,741.00, and received a sheriff's deed for said lands; that, on February 25, 1895, between 10 and 11 o'clock p. m. of said day, the sheriff indorsed and transferred said check of $3,741.00 to the attorney for appellant, first informing him of said agreement made with appellee at 8:30 p. m. of said day, which check said attorney received for his client in payment of the judgment above set forth, both principal and costs; that said attorney, after receiving said check, paid to the sheriff with his personal check $414.28, that being the costs upon the above described judgment and execution. The next day, February 26, 1895, at 9 o'clock a. m., appellee, after learning that the sheriff had violated his agreement made the night before, notified the cashier of the State National Bank of Logansport, not to pay said check, which order has

never been withdrawn by the appellee; that the check has never been returned or tendered to appellee, but is still outstanding and retained by the appellant or his attorney."

The general rule is that a check delivered by a debtor to his creditor does not extinguish the debt for which it is given. If such check is paid, it extinguishes the debt, otherwise not. *Boyd* v. *Olvey*, 82 Ind. 294, 301; 2 Daniel on Negotiable Inst. 577; 2 Parsons on Cont. 622.

It is settled by the decisions of this court that the giving of a promissory note, governed by the law merchant, for a preexisting indebtedness of the maker to the payee will discharge such debt, unless it is shown that the parties did not intend it to have that effect. And the giving of a promissory note not governed by the law merchant for such a debt does not operate as a payment thereof, unless it is so agreed between the parties. *Smith* v. *Bettger*, 68 Ind. 254, and cases cited; 34 Am. Rep. 256; 18 Am. and Eng. Ency of Law, 178.

We think a check may be given and received by agreement of the parties as payment of a debt, and the debt for which it is so given is thereby extinguished. *Blair* v. *Wilson*, 28 Grat. (Va.) 165; *Cromwell* v. *Lovett*, 1 Hall (N. Y.) 56; *Lafayette, etc., Corp.* v. *Magoon*, 73 Wis. 627, 42 N. W. 17; *Turner* v. *Bank of Fox Lake*, 3 Keyes (N. Y.) 425. In such a case, if the check is not paid for any reason, the right of action is on the check and not on the obligation or indebtedness for which it was given. *Lafayette, etc., Corp.* v. *Magoon, supra;* *Blair* v. *Wilson, supra.*

It is insisted by appellant that the sheriff had no authority to receive anything but money in payment of the amount bid by appellee, and that he had no authority to accept the check as payment or make any agreement or promise in regard to said check.

Under the facts stated in the special finding, appellant is not in a position to urge that the sheriff had no authority to receive the check in payment.

The special finding shows that the sheriff received the check in payment of the amount of appellee's bid. Appellant was not compelled to receive the check from the sheriff. He had the right to refuse it and demand the cash. He did not take this course, however, but elected to receive the check with a full knowledge of all the facts in regard to the agreement under which it was delivered to the sheriff. Moreover, the court finds that the attorney for appellant received the check for his client in payment of the judgment and paid the costs, amounting to $414.28, and that the check has not been returned to appellee.

The facts found by the court show that appellant, besides receiving the check as a payment, had, by his conduct, ratified the acts and agreement of the sheriff in receiving said check in payment.

The contract to receive the check in payment was not rescinded or set aside by the act of appellee in notifying the bank not to pay said check. If appellant had offered to rescind the contract and tendered back the check when payment thereof was refused, a different question would be presented, but no such steps were taken. On the contrary, retaining a check which he received as a payment of the judgment, and without any offer to rescind the agreement under which it was received, he seeks to avail himself of the summary remedy provided by section 772 (760), *supra*.

Appellant is not entitled to the remedy provided by said section, for the reason that appellee has not, under the facts found, failed or neglected to pay the purchase-money.

As between appellant and appellee the check is an obligation to pay money, and a suit may be brought

upon it. *Harrison, Rec.,* v. *Wright,* 100 Ind. 515, 544; *Offutt* v. *Rucker,* 2 Ind. App. 350.

The record shows that during the progress of the trial, appellee paid into court "the amount of his bid, with interest, for the use of appellant in lieu of the check of appellee upon appellant surrendering said check to the clerk of the court, the money and check to be held by the clerk subject to the further order of the court, the money to be returned to said appellee by the clerk under the order of the court if the check was not surrendered to the clerk within a reasonable time, to be fixed by the court."

The check was not surrendered to the clerk, and afterwards, on order of court, the amount paid by the appellee into court was repaid to him. There was no error in this order of the court. The check not having been surrendered to the clerk it was proper for the court to order the money repaid to appellee. The payment of the money into court was only a conditional tender. Appellant was only entitled to demand that the money remain subject to the order of the court on complying with the conditions named by appellee. This he failed to do.

Judgment affirmed.