IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1907, AND MAY TERM, 1908, IN THE NINETY-SECOND YEAR OF THE STATE.

---

### BAUGHMAN ET AL. v. LOWE.

[No. 6,017. Filed January 7, 1908.]

1. PLEADING.—*Answer.*—*Sustaining Demurrer to Paragraph of.*— *Facts Provable Under Another Paragraph.*—Sustaining a demurrer to a paragraph of answer is harmless, where the facts therein contained are provable under another paragraph. p. 2.

2. TRIAL.—*Instructions.*—*Erroneous in Favor of Appellant.*—Appellant cannot complain of erroneous instructions, where the errors were in his favor. p. 2.

3. TRUSTS.—*Money Collected by Attorney.*—*Care.*—Money collected by an attorney for his client belongs to the client; and in taking care of such money, the attorney is required to use the care that a prudent and diligent man would exercise. p. 4.

4. SAME.—*Money Collected by Attorney.*—*Deposit in Attorney's Name.*—*Rights of Client.*—Where an attorney collects money for his client and deposits it in a bank to his own credit, the client may elect to treat such deposit as a trust fund, or hold the attorney personally responsible for the amount. p. 4.

5. EVIDENCE.—*Declarations to Bank Officer as to Ownership of Money.*—In an action by a client against his attorney for money collected, declarations made by such attorney to the officers of a bank where the attorney deposited such money to his own credit, are inadmissible in evidence, there being nothing to show that the attorney's directions for depositing were not complied with. p. 4.

6. PAYMENT.—*Checks.—Presumptions.*—There is a disputable presumption that the acceptance of a check does not discharge the indebtedness for which it is given, unless it is presented and paid or certified.  p. 5.

7. SAME.—*Checks.—Burden of Proof.*—The burden to prove that a check was received in payment and discharge of a debt is upon the drawer of the check.  p. 5.

8. SAME.—*Checks.—Evidence.*—Where the evidence showed that an attorney collected money for his client and deposited it in his own name in a bank; that payment thereof was made by check which was accepted in settlement of the amount due; that the bank on which the check was drawn closed, and the check was never paid, such client cannot recover against such attorney for such money.  p. 5.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by John C. Lowe against Ulysses M. Baughman and another.  From a judgment for plaintiff, defendants appeal.  *Reversed.*

*Foltz & Spitler,* for appellants.
*Emory B. Sellers,* for appellee.

ROBY, C. J.—Appellee's complaint was in three paragraphs, the first a common count for money had and received, the second and third setting out the details of the transaction out of which the alleged liability arose.  Appellants answered in five paragraphs.  The third set up payment by check.  A demurrer for want of facts was sustained to it, but the facts therein stated were provable under other paragraphs, and there was no reversible error in the ruling.

It is claimed that certain instructions given by the court were inconsistent with each other.  If they were, it was because part of them were more favorable to appellants than they should have been, and such fact, if granted, furnishes them no basis for complaint.

The jury returned a general verdict against appellants for $673.66, and judgment was rendered thereon.  The court overruled appellants' motion for a new trial and such ruling is assigned as error.

The facts upon which the ultimate rights of the parties depend are as follows: Appellee owned a real estate mortgage and employed the appellants, who are attorneys, to foreclose and collect it. Such steps were taken by them as resulted in the payment of the full amount to them on April 15, 1904. They immediately notified appellee of the fact, and deposited the money to the credit of appellant Williams in a bank which was of good credit and repute. On April 16, which was Saturday, appellee came to their law offices, and a computation of the amount coming to him was made. As the conference was concluded Baughman said to his coäppellant: "Mr. Williams, Mr. Lowe wants to take his money home, and you had better step over to the bank so he can take the currency home with him." Williams said: "All right," and got up to go, and Mr. Lowe said: "Just wait a minute, there is another matter, just come back," and thereupon entered upon a discussion which resulted in an agreement to pay appellee $10 out of the attorneys' fee allowed by the court in said cause. The fee was in part for an attorney in another county through whom the business had come to appellants. The appellee desired to collect a debt owing him from this attorney, and the concession was made to him as shown upon the face of the check subsequently given. When this matter was concluded to appellee's satisfaction, Baughman said: "John, you have waited a little too long. The curtain is down over there [referring to the bank which was across the street from the law office], you cannot get any money to-night." Williams then said: "We will just send you a draft for this Monday morning, or I can give you my check." Lowe said: "That is all right, you can send me a draft, it will be all right, or you can just give me a check. I had just as lief have the check as the money. I have a bank account at Monticello, and it will not cost me anything for exchange. I had just as soon have the check as the money." Thereupon a check was executed in terms as follows:

"Rensselaer, Indiana, April 16, 1904. No. 6.
A. McCoy & Co.'s Bank.
Pay to John C. Lowe .............. or order $629.24
Six hundred twenty-nine and 24-100.......... Dollars,
In full for Lowe-            George A. Williams.
West settlement and $10
on Graves's account
to Lowe."

This check was accepted by appellee, who on the next day delivered it to the cashier of the Monticello bank referred to. The McCoy & Co.'s Bank did not open after the time said check was given, being insolvent, and is in liquidation.

The money collected by appellants belonged to appellee. They held it as trustees for him. The rules governing their action and liability in regard to it are the same that 3. apply to other trustees. While the fund is kept intact as a trust fund, the trustee is relieved from liability if he exercises the care of a prudent and diligent man. Had the fund in question been deposited in the names of appellants as attorneys for appellee, there would be no reasonable ground for asserting individual liability on their part. It was not so deposited. The deposit was made to the personal credit of a member of the firm, and it is settled 4. that under such circumstances the beneficiary may treat the fund as the property of the trustee and hold him personally therefor, or he may elect to claim the fund. *Naltner* v. *Dolan* (1886), 108 Ind. 500, 505, 58 Am. Rep. 61; *Allen* v. *Davis* (1897), 17 Ind. App. 338, 344.

Appellants offered to prove that when the deposit was made the bank officer was told whose money it was. Such proof was rightly rejected. Had they desired to de- 5. posit as attorneys or trustees for appellee, or to his credit, they could easily have done so. They do not offer to show that their directions in connection with the deposit were not followed. It must therefore be held that they were indebted to appellee in the amount received by them for him.

But one further question remains, and that is whether there is evidence to support the verdict which includes, as being within the issues, a finding that said sum has not been paid. The law upon the question of payment by check is also well settled. When a check is transferred in settlement of a debt, the implication is that it does not constitute an absolute discharge until the check is presented by the creditor and paid or certified. *Cox* v. *Hayes* (1897), 18 Ind. App. 220; *Sutton* v. *Baldwin* (1896), 146 Ind. 361; *Boyd* v. *Olvey* (1882), 82 Ind. 294; Tiedeman, Commercial Paper, §456. The burden was therefore upon the appellants to overcome the presumption that the delivery and acceptance of the check constituted a conditional payment. *Cox* v. *Hayes, supra; Sutton* v. *Baldwin, supra.*

In the face of appellee's statement putting the check on the same footing as money, it is difficult to believe that the intention of the parties was anything except to close the transaction. The statement on the face of the check accords with such purpose. It is not difficult to find reasons why appellee might be more than willing to take the check as payment. Certainly no one but himself was responsible for payment not having been made in money, and while his action in that respect was probably influenced by his desire to get $10 out of the attorneys' fee, it was nevertheless his action. Had he demanded currency even after the bank was closed, arrangements might have been made to secure it for him. He made no such demand, but expressed himself as equally satisfied with the check, and probably was, in fact, better satisfied with it, since it afforded a convenient method of transferring the amount to his bank in Monticello. Of course, none of the parties anticipated the failure of the bank, but subsequent facts not within their contemplation do not bear upon their original intention. It is to be observed that appellee at no place in his testimony denied the acceptance of the check in full settlement of the

account.   Neither did he dispute the account of the transaction above referred to.   His counsel in their able brief fail to indicate any evidence tending to show that the check was not accepted in payment of the debt.   The verdict upon that issue depends entirely upon the presumption before stated. It is a disputable presumption, and cannot overcome proved facts inconsistent therewith.   *Keck* v. *State* (1895), 12 Ind. App. 119.   When appellee took the check in preference to the money in payment of the amount due him, it became his check "just as if appellant had paid her [him] so much money," and the debt was extinguished.   *Northwestern, etc., Ins. Co.* v. *Kidder* (1904), 162 Ind. 382, 66 L. R. A. 89.

The judgment is therefore reversed, and the cause is remanded, with instructions to sustain appellants' motion for a new trial, and for further consistent proceedings.