BEECH AND FULLER COMPANY *v.* LANE ET AL.

[No. 10,617. Filed December 17, 1920. Rehearing denied March 16, 1921.]

1. APPEAL.—*Questions Presented.—Ruling on Motion to Modify Judgment.—Transcript.—Praecipe.*—Where the praecipe did not direct the clerk to include the motion to modify the decree and judgment in the transcript, it is not properly in the record, and no question is presented for review by error assigned on the overruling of the motion. p. 188.

2. BILLS AND NOTES.—*Promissory Note.—Payment.—Execution of Renewal Note.*—Where the maker, on the maturity of a promissory note executed by her, asked the bank that she be permitted to renew it, and thereafter executed a new note, which was signed by some of the sureties of the old note and delivered to the bank, such facts were sufficient to support a finding that the new note was given in renewal of the old one, although the bank, according to custom, stamped the old note as paid. p. 188.

3. BILLS AND NOTES.—*Promissory Note.—Presumption of Payment.—Rebutting.*—The fact that a negotiable note was given to renew an old note is sufficient to overcome the presumption that it was given in payment of such note. (*Knight* v. *Kerfoot* [1915], 184 Ind. 31, distinguished.) p. 190.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Daniel N. Lane against the Beech and

Fuller Company and others. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Charles D. Hunt, Gilbert W. Gambill* and *William R. Nesbit,* for appellant.

*Clarence B. Kessinger* and *A. G. McNabb,* for appellees.

MCMAHAN, J.—This is an action by the appellee Daniel N. Lane to foreclose an indemnifying mortgage executed by Leona S. Tryon and her husband, Ira D. Tryon, to Daniel N. Lane and Richard Ready. The court on request found the facts specially and stated its conclusions of law thereon.

The facts as found by the court are as follows: In October, 1912, Ira D. Tryon borrowed $894.87 from the Farmers' and Merchants' Bank of Decker, Indiana, and as evidence thereof gave his note due in six months, signed with Lane and Ready as sureties. Before maturity of the note, Mr. Tryon paid enough to reduce the principal to $750. This note was not paid off in cash until in January, 1918, but was evidenced by a series of notes executed from time to time as follows: As each note came due a new note was taken by the bank for $750, and each up to the one executed August 13, 1916, was signed by Ira D. Tryon as principal and by Lane and Ready as sureties, and the various notes as taken up were stamped "PAID," by the bank and delivered to Tryon.

In 1914, Ira D. Tryon and his wife, Leona, conveyed the real estate described in the indemnifying mortgage to appellee Lane, with the understanding that Lane should convey it to Mrs. Tryon and that she should assume the payment of said $750 and also a note of $900 given by her husband to the People's State Bank of Carlisle, which had also been signed by Lane and Ready as sureties. In accordance with this agreement

Lane conveyed said real estate to Mrs. Tryon, and when said note for $750, signed by her husband as principal and by Lane and Ready as sureties, became due Mrs. Tryon as principal executed a new note with her husband and Lane and Ready as sureties, and the note then falling due was, on the receipt of the new note stamped "PAID," and delivered to Mrs. Tryon. When the note so executed by Mrs. Tryon as principal and with the above named sureties became due, a new note was executed in like manner from time to time until August 13, 1916.

In September, 1916, Mrs. Tryon and her husband executed an indemnifying mortgage to Lane and Ready on the said real estate to secure and indemnify Lane and Ready against any loss because of the payment of said notes herein before mentioned, or any renewal thereof. The mortgagors expressly agreed to pay the sum of money therein mentioned. This mortgage was recorded September, 1916.

Mrs. Tryon paid $300 on the $900 note due the People's State Bank, the appellee Lane paying the balance of the note. The $750 note dated August 13, 1916, described in said mortgage was signed by Mrs. Tryon as principal and by Ira D. Tryon, Lane and Ready as sureties and fell due on February 13, 1917. The bank demanded payment and Mrs. Tryon informed the bank that she was unable to pay it and asked to have it renewed. She paid the interest on the note of August 13, 1916, signed a renewal note and requested the bank to have the sureties come in and sign it. Mr. Ready was then a resident of Texas. The bank notified Mr. Lane and he came and signed such note as surety. No other person signed this note of February 13, 1917. After Lane had signed this *new* note, the bank marked the note, dated August 13, 1916, which was signed by Mrs. Tryon as principal and by Ira D. Tryon, Lane and

Ready as sureties, "PAID," and entered the new note signed by Mrs. Tryon and Lane on its books as a part of the assets of the bank, but retained possession of the note of August 13, 1916, after having so marked it "PAID." At the time of the execution of this last note Ready was insolvent and Lane was solvent, which facts were then known to the bank. It was a custom of the bank to stamp each note "PAID," whether it was paid in cash or whether it was by renewal note without any cash having been paid.

On January 19, 1918, appellee Lane, paid the Farmer's and Merchant's Bank the sum of $770.13, that being the amount of the principal and interest due on the note dated February 13, 1917, said note being the note given in renewal of the note due said bank and described in the mortgage. On January 21, 1918, Lane paid the People's State Bank $617 in full of the note due it. All the notes mentioned were payable in a bank in this state and were negotiable instruments under the law of this state.

At the time of execution of said mortgage, Mrs. Tryon was the owner of the real estate described therein and continued the owner thereof until February 2, 1918, when she and her husband conveyed said land by warranty deed to the appellant subject to said indemnifying mortgage. Appellant, at the time when the deed was made to it, knew all of the facts relative to the execution and renewal of said notes to both banks.

Upon these facts the court concluded as a matter of law: (1) That Lane was entitled to a judgment against Mrs. Tryon for $1,477.18; (2) that he was entitled to a foreclosure of his mortgage against all of the defendants. Other conclusions of law were stated but it is not necessary to set them out in this opinion. Judgment was rendered in accordance with the conclusions of law, after which appellant filed a motion to modify

the judgment by limiting the amount for which the mortgage should be foreclosed to the amount of the note which appellee Lane paid the People's State Bank; that the court render only a personal judgment against Mrs. Tryon for the amount paid to the Farmers' and Merchants' Bank, and that the land described in the mortgage be ordered sold only for the purpose of paying the amount due on account of the note paid the People's State Bank. This motion being overruled, was followed by this appeal, in which appellant has assigned a number of errors, but the only ones that need be stated are: (1) That the court erred in each conclusion of law, and (2) in overruling the motion to modify the decree and judgment.

Appellee insists that the motion to modify the decree is not in the record, and that no question is presented by the second assignment.

Appellant in its *praecipe* to the clerk directed the clerk to prepare a "transcript of so much of the record as shows the filing of the complaint, answers and replies in said cause on which this case was tried and include therein copies of said complaint, answers and replies and also the special findings of facts and conclusions of law thereon, together with the judgment and decree rendered by said court therein." The motion to modify the decree and judgment, not being called for by the *praecipe*, is not properly in the transcript and, on authority of *Fish* v. *Hetherington* (1916), 61 Ind. App. 645, 112 N. E. 391, we hold that no question is presented by the second assignment of error.

Appellant concedes that appellee Lane paid the note to the People's State Bank and is entitled to have a decree foreclosing the mortgage and ordering the real estate sold to pay the amount due him on account of such payment but it contends that the note dated February 13, 1917, to the Farmers' and Mer-

chants' Bank signed by Leona S. Tryon as principal and by appellee Lane as surety, was a payment by Mrs. Tryon of the note, dated August 13, 1916, signed by Mrs. Tryon as principal and by Ira D. Tryon, Daniel N. Lane and Richard Ready as sureties, and that, when appellee Lane paid the Farmers' and Merchants' Bank, he paid the note of Mrs. Tryon and not the note of her husband described in the mortgage or any renewal thereof. This contention is based upon the theory that the giving of a negotiable promissory note is *prima facie* evidence of payment, which must be accepted as conclusive in the absence of any finding that such was not the intention of the parties. Appellant insists that the special findings do not show an agreement of the parties that the note of February 13, 1917, was not a payment of the note of August 13, 1916.

We do not question the correctness of the law as stated by appellant as to the effect of the giving of a negotiable promissory note for a pre-existing indebtedness of the maker. The law upon this subject is clearly and correctly stated in *Sutton* v. *Baldwin* (1896), 146 Ind. 361, 45 N. E. 518, and *Bradway* v. *Groenendyke* (1899), 153· Ind. 508, 55 N. E. 434.

The mortgage in question, as found by the court, was given to secure and indemnify Lane and Ready against any loss because of the payment of either of the notes mentioned therein or of any renewal of said notes. The court found that the note which appellee Lane paid to the Farmers' and· Merchants' Bank, had been given in renewal of the note described in the mortgage. Appellant, however, contends that the court should have found that the parties did not intend that the note of February 13, 1917, should be a payment of the note described in the mortgage, and that the statement that it was given in renewal of the former note is a conclusion that must be disregarded.

The court in its finding states the circumstances and facts surrounding the execution of the $750 note to the Farmers' and Merchants' Bank dated February 13, 1917. The maker, Mrs. Tryon, asked the bank to renew the note of August 13, 1916. She signed the note for that purpose, left it with the bank, and requested the bank to have the sureties who signed the old note come in and sign the new note so signed by her. Mr. Lane, after being so notified by the bank, came in and signed the new note. No facts are found relative to whether Ready and the husband of Mrs. Tryon were notified to come in and sign, although it is found that Ready then resided in Texas.

While the court found that Ready was insolvent and Lane solvent, there is no finding as to the solvency of Mr. and Mrs. Tryon. The bank did not surrender or deliver the old note to any one, but kept it in its possession and, in keeping with its custom, stamped the note "PAID." It is clear from these facts that it was not the intention of Mrs. Tryon that the new note was to be taken as a payment of the old note. She asked that she be permitted to renew it, after which she signed the new note with the request that the three sureties come in and sign it. The court was fully justified in finding as an ultimate fact that the note of February 13, 1917, was given in renewal of the former note. The fact that it was given in renewal is sufficient to overcome the presumption that it was given as a

3. payment, because payable in a bank in this state and negotiable under the statute.

The facts in *Knight* v. *Kerfoot* (1915), 184 Ind. 31, 110 N. E. 206, cited by the appellant, are materially different from the facts in this case. There one of the solvent sureties on the former note refused to sign a renewal note, after which the principal and the other surety, who was solvent, executed their note to the bank.

NOVEMBER TERM, 1920.       191

Baltimore, etc., R. Co. *v.* Wheeler, Admx.—75 Ind. App. 191.

The bank accepted the note signed by the principal and one of the sureties, and surrendered the former note to the maker with the knowledge and consent of the surety. The last note was negotiable under the statute and the court expressly found that it was given in payment of the old note and that it was accepted by the bank as payment.

In the case now under consideration it is found as a fact that the note of February 13, 1917, was given in renewal of the former note. This finding is sufficient to overcome the presumption of payment arising from the fact that the last note was negotiable under the statute. The court did not err in its conclusion of law. Judgment affirmed.