HULMAN & COMPANY *v.* GINNICKS.

[No. 14,928.   Filed March 7, 1935.]

*William R. Johnston,* and *Charles D. Hunt,* for appellant.

*John W. Lindley,* for appellee.

BRIDWELL, J.—On January 7, 1932, appellee was indebted to appellant on open account to the amount of $333.41, and on said day he executed and delivered to appellant his check drawn on the Peoples National Bank & Trust Company, Sullivan, Indiana, for said amount for the purpose of paying such indebtedness. Appellant received said check, deposited it in a bank at Terre Haute, Indiana, and, in due course of banking, it was presented to the bank upon which it was drawn, for payment. The check was not paid, nor was it protested, but it was returned with a notation of insufficient funds. Appellant, upon receipt of the check the second time, again presented it for payment, this presentment being made direct by a representative of appellant, and not through correspondent banks, and, when so presented, appellee had sufficient funds to his credit to meet the check. The check was not paid; the bank at that time was not paying its depositor's checks when the checks exceeded in amount a certain per cent of the depositor's account. Appellant left the check here involved with said Peoples National Bank & Trust Company, endorsed "Pay to the order of yourselves for collection and remittance to Hulman Co.", and it remained with said bank until the bank was closed and a receiver therefor appointed, when said check was returned to appellant who has retained its possession ever

since. After the check was left by appellant with the bank, said bank paid to appellant the sum of $150.00 in three separate payments of $50.00 each, made monthly, until the bank closed. Appellant accepted and retained said payments, and endorsements, showing each payment, were made on the back of said check. On the records of the bank where appellee's account appeared, the bank made the following notation: "Do not pay any checks on this account."

Appellant thereafter instituted this action against appellee, its complaint alleging that the defendant (appellee) is indebted to plaintiff (appellant), on account, in the sum of $189.34, for goods and merchandise sold and delivered by the plaintiff to the defendant, and that said amount is now due and unpaid. Appellee filed answer in three paragraphs, the first paragraph being a general denial, the second a plea of payment, and the third alleging in substance that appellee, long prior to the commencement of this action, executed to appellant his check and bill of exchange drawn by him on the Peoples National Bank & Trust Company of Sullivan, Indiana, for an amount sufficient to pay and liquidate the claim sued on; that at said time he had on deposit in said bank funds sufficient to pay and liquidate said check and bill of exchange; that appellant kept and retained said check and bill of exchange, and never had the same protested; that appellant still has, holds, and retains said check, and has never returned the same to appellee; that said check did not waive presentment, protest, and notice of protest of the same. To the affirmative paragraphs of answer appellant filed a reply in general denial. The cause was submitted to the court for trial and there was a finding and judgment for appellee. Appellant duly filed its motion for a new trial, the causes therefor, as stated in said motion, being: (1) that the finding of the court is not sustained

by sufficient evidence; (2) that the decision of the court is contrary to law. This motion was overruled, appellant excepted, and thereafter perfected this appeal, assigning as error the overruling of its motion for a new trial.

The evidence without conflict proves the facts hereinbefore set forth. In addition, there is evidence to prove that the appellee, after learning that his check given to appellant had not been paid, informed appellant that if it would release the check he would pay the account; that he could get the money out of the bank if the check was released. As heretofore stated the check was retained by appellant and left with the bank which made $50.00 payments thereon to appellant each month until the bank closed, and said check was then returned to appellant.

It is the general rule that in the absence of an agreement to that effect, delivery by a debtor to his creditor of a check for the amount of the indebtedness owed does not extinguish the debt unless said check is paid. *Sutton* v. *Baldwin* (1896), 146 Ind. 361, 45 N. E. 518; *Born* v. *The First National Bank of Indianapolis* (1890), 123 Ind. 78, 79, 24 N. E. 173; *Baughman* v. *Lowe* (1908), 41 Ind. App. 1, 83 N. E. 255; *Cook & Bernheimer Co.* v. *Hagedorn* (1925), 82 Ind. App. 444, 131 N. E. 788. This, however, is a general rule and the holder of a check may so act with reference to the check as to release the drawee from liability. In the case of *Born* v. *The First National Bank of Indianapolis, supra,* our Supreme Court said: "We agree with the appellant's counsel that the drawer of a check is released if the holder, instead of presenting it for payment himself, procures it to be certified by the bank upon which it is drawn. If the holder elects to procure the certification of the check, it becomes, in his hands, substantially a certificate of deposit. By

his own act he makes the bank his debtor, and releases the drawer of the check. The reason for this rule is, that the moment the check is certified the funds cease to be under the control of the original depositor and pass under the control of the person who procures the certification of the check drawn in his favor." (authorities cited). When appellant in the instant case endorsed said check to the bank upon which it was drawn, with an understanding that $50.00 per month should be paid it, we are of the opinion that from that time on the status of the parties was the same as it would have been if appellant had taken a certificate of deposit in lieu of the check. Appellee, by reason of the conduct of appellant in retaining the check and leaving it in the drawee bank to be paid in installments, was, to the extent of the amount of said check, precluded from enforcing any legal rights he would otherwise have had against the bank on account of his deposit therein. By its own acts appellant voluntarily changed the relation and situation of the parties, and under the facts proven we hold that it accepted the bank as its debtor in place and instead of appellee.

The court did not err in overruling the motion for a new trial. Judgment affirmed.